MICHAEL P. DORAZIO *v.* M. B. FOSTER ELECTRIC COMPANY ET AL.

KING, C. J., ALCORN, HOUSE, COTTER and THIM, Js.

Argued November 13—decided December 3, 1968

*William F. Gallagher,* with whom, on the brief, were *Cyril Cole* and *Bernard Poliner,* for the appellant (plaintiff).

*Jerome I. Walsh,* for the appellee (defendant C. N. Flagg and Company, Inc.).

THIM, J.  The plaintiff brought an action for negligence against the M. B. Foster Electric Company (hereinafter called Foster) and the C. N. Flagg and Company (hereinafter called Flagg), and the trial court rendered judgment for Flagg after a hearing on its motion for summary judgment. The plaintiff has taken the present appeal, claiming that the trial court committed error by granting Flagg's motion for summary judgment.

In his complaint, the plaintiff alleged that he fell from a defective scaffolding while he was working

in the R. C. Macy building, which was being erected in New Haven; that Foster erected, maintained and controlled the scaffolding; that Flagg also had the use and control of the scaffolding; and that both the defendants caused, maintained and failed to remedy the defective condition.

Flagg moved for summary judgment and submitted a supporting affidavit and documentary evidence pursuant to Practice Book § 299. The supporting affidavit averred that the plaintiff admitted in a deposition, which had been filed with the clerk of the Superior Court, that Foster was in control of the scaffolding in question. An attorney associated with the law firm which represented the plaintiff filed his own affidavit in opposition to Flagg's motion for summary judgment and averred that the adjuster employed by the insurance company which insured both defendants had stated to the deponent that his file indicated that Flagg was in control of the scaffolding. The attorney also stated in his counter affidavit that a foreman of Foster told an investigator from the office of the plaintiff's attorney that Flagg owned the scaffolding. After a hearing on the motion for summary judgment, the court concluded that the plaintiff's affidavit did not give rise to any genuine issue of fact and rendered judgment for Flagg.

A motion for summary judgment is designed to eliminate the delay and expense incident to a trial when there is no real issue to be tried. Stephenson, Conn. Civ. Proc. (1966 Sup.) § 131. The function of the trial court, in applying the summary judgment rules, is to determine whether an issue of fact exists but not to try that issue if it does exist. *Rathkopf* v. *Pearson,* 148 Conn. 260, 264, 170 A.2d 135. Pursuant to § 300 of the Practice Book, affidavits

filed in connection with a motion for summary judgment must be made on personal knowledge, must set forth facts which would be admissible in evidence, and must show that the affiant is competent to testify to all matters stated in the affidavit. In order to oppose successfully a motion for summary judgment, the opposing party must recite facts in accordance with Practice Book § 300 which contradict those offered by the moving party. *Kasowitz* v. *Mutual Construction Co.*, 154 Conn. 607, 613, 228 A.2d 149.

The plaintiff's counter affidavit clearly failed to comport with these requirements. All of the evidence set forth in the counter affidavit was inadmissible hearsay. The plaintiff's counter affidavit contained no recital of facts which would be admissible in evidence, nor was any documentary proof submitted under § 299 of the Practice Book to show that the question of Flagg's control over the scaffolding was a triable issue of fact. Therefore, the trial court correctly granted Flagg's motion for summary judgment. *Loubet* v. *Loubet,* 155 Conn. 695, 696, 230 A.2d 552.

At the hearing on Flagg's motion for summary judgment, the plaintiff's attorney realized that his counter affidavit was insufficient to defeat the motion for summary judgment. The plaintiff stated to the trial court that it was very difficult to obtain affidavits from the parties who had personal knowledge of the facts, and in his brief he avers that the facts relating to Flagg's control over the scaffolding were within the exclusive knowledge of the defendants. Accordingly, the plaintiff claims that the trial court should have denied the motion for summary judgment pursuant to Practice Book § 301 because affidavits based on personal knowledge were unavailable.

Section 301 of the Practice Book permits a party

who opposes a motion for summary judgment but who is unable to present an affidavit which conforms with the requirements of § 300 to file an explanatory affidavit setting forth the reasons for his noncompliance. In such a case, the court may deny a motion for summary judgment or may render some other appropriate order. In the instant case, however, the plaintiff did not file an explanatory affidavit pursuant to Practice Book § 301, nor did he make any showing that affidavits based on personal knowledge were unavailable. A party cannot successfully oppose a motion for summary judgment by merely averring that the defendant has exclusive knowledge about certain facts or that affidavits based on personal knowledge are difficult to obtain. Under § 301, the opposing party must show by affidavit precisely what facts are within the exclusive knowledge of the moving party and what steps he has taken to attempt to acquire these facts. *Hartmann* v. *Time, Inc.,* 64 F. Sup. 671, 677, 678 (E.D. Pa) (a case interpreting Rule 56 [f] of the Federal Rules of Civil Procedure, which is substantially identical to Practice Book § 301). In the instant case, the plaintiff had almost seven months from the time that Flagg filed its motion for summary judgment until the time of the hearing on the motion. This was ample time for the plaintiff to attempt to procure information relating to Flagg's control over the scaffolding by a motion for discovery under Practice Book § 168 or by a petition for the perpetuation of the foreman's testimony under General Statutes § 52-156. The plaintiff did not pursue either of these possibilities.

There is no error.

In this opinion the other judges concurred.