[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 1379
This suit was originally brought on July 16, 1991, when The New Connecticut Bank Trust (NCBT) filed a writ, summons and complaint in order to foreclose on property the owners of which had failed in their mortgage payments. A "Revised Amended Complaint", dated November 26, 1991, substituted the Federal Deposit Insurance corporation as plaintiff for NCBT. On February 3, 1992, plaintiff was given permission to cite in additional defendants and did so by way of a "Second Revised Amended Complaint" dated January 22, 1992.
Plaintiff alleges that a "Permanent Commercial Mortgage Note" was obtained from Thomas A. Coyne and Bardwell E. Jones in return for a loan of $1.275 million. As security for the note, Coyne and Jones gave a mortgage to NCBT, dated and recorded on June 17, 1987, for certain property located in Norwalk, Connecticut. Plaintiff further alleges that Coyne and Jones have failed to pay the obligation under the note since February 1, 1991. As a result, this foreclosure action was started.
Plaintiff has included Nicholas J. Santaniello, Alfred Santaniello, Charles Slapin and Nicholas LaMorte (hereinafter defendants), as defendants in the action. Plaintiff claims that although these defendants, referred to as The Santaniello Group, have a mortgage on the premises dated and recorded before its own, defendants' mortgage is subordinate to its own.
On February 18, 1992, an answer and counterclaim was filed. Although the "Second Revised Amended Complaint" was already in the file, the answer and counterclaim were addressed to the "Revised Amended Complaint". In the counterclaim, defendants allege that their mortgage, also in default, was obtained and recorded prior to plaintiff's mortgage, and is superior to that of the plaintiff.
The present case was argued at the November 16, 1992 short calendar summary judgment (#160), filed by defendants. The motion for summary judgment also makes reference to the "Revised Amended Complaint". In their motion, defendants ask the court to grant summary judgment in their favor on the issue of priority.
Defendants, The Santaniello Group, claim that the premises CT Page 1380 were sold to Jones in return for cash and a purchase money mortgage of $250,000. Defendants claim that their mortgage contained a clause whereby their mortgage could have been subordinated to a subsequent construction lien of less than $1.3 million. Defendants allege that this "subordination clause" was subject to certain requirements. For example, the subsequent loan was to be a construction loan. Further, defendants were to be paid in accordance with the schedule for advances determined by the construction loan. Defendants claim that plaintiff's mortgage was not a "construction mortgage" and, since the plaintiff's mortgage was "last in time", summary judgment should enter for defendants on the issue of priority.
In addition to filing its objection to defendants' motion for summary judgment, plaintiff filed a motion for summary judgment with respect to defendants' counterclaim on November 12, 1992. Plaintiff first states that the additional requirements were not included in the clause itself, but instead on the next page of the mortgage deed. Plaintiff claims that while perhaps the loan did not technically satisfy the requirements of a "construction loan", the parties to the loan intended that it be used for construction and, in fact, the loan proceeds were used for such a purpose. Thus, plaintiff urges the court to deny defendants' motion and to grant its motion for summary judgment. In plaintiff's objection to defendants' motion for summary judgment, it is noted that plaintiff claims there is a genuine issue of material fact (i.e. whether its loan satisfied the automatic subordination clause). However, in its own motion for summary judgment, which was not on the calendar for November 16, 1992, plaintiff claims that there is no issue of material fact and that it is entitled to summary judgment on the issue of priority.
"Summary judgment procedure is an attempt to dispose of cases involving sham or frivolous issues in a manner which is speedier and less expensive for all concerned than a full-dress trial." Plouffe v. New York, New Haven Hartford RR Co., 160 Conn. 482,487, 280 A.2d 359 (1971). "Pursuant to Practice Book 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 780-781, 595 A.2d 334
(1991).
The party moving for summary judgment has the burden of CT Page 1381 showing the absence of any genuine issue as to all the material facts, which under applicable principles of substantive law, entitle[s] him to judgment as a matter of law. To satisfy his burden the movant must make a showing that is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact.
Fogarty v. Rashaw, 193 Conn. 442, 445, 476 A.2d 582 (1984).
"A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." Practice Book 380. "Pleadings per se do not constitute documentary proof under 380." Paine Webber Jackson Curtis. Inc. v. Winters, 13 Conn. App. 712,721, 539 A.2d 595 (1988). "The court's consideration of a motion for summary judgment is limited to the evaluation as a matter of law of the documentary proof submitted under 380. Id., 721-722.
Rules governing the granting of a summary judgment are stringent. "Our summary judgment rules require [an] affidavit to set forth such facts as would be admissible in evidence." Farrell v. Farrell, 182 Conn. 34, 38, 438 A.2d 415 (1980). Affidavits which do not contain a positive averment of personal knowledge are inadmissible. Evans Products Co. v. Clinton Building Supply Inc.,174 Conn. 512, 515, 391 A.2d 157 (1978). (Corporate officer's affidavit regarding corporate matter was insufficient due to lack of averment of personal knowledge). "Pursuant to [381] of the Practice Book, affidavits filed in connection with a motion for summary judgment must be made on personal knowledge, must set forth facts which would be admissible in evidence, and must show that the affiant is competent to testify to all matters stated in the affidavit." Dorazio v. M.B. Foster Electric Co., 157 Conn. 226,228, 253 A.2d 22 (1968). Where affidavits submitted do not satisfy the requirements of Practice Book 381, a court cannot rely on them when deciding a motion for summary judgment. Fogarty v. Rashaw, supra, 444. In addition, "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto." Practice Book 381.
In support of their motion for summary judgment, defendants submitted the following affidavit:
Nicholas D. LaMorte, being duly sworn, avers CT Page 1382 as follows:
 1. I am over age 18 and believe in obligation of oath.
 2. I am a defendant and counterclaim plaintiff in this action.
 3. I have read the statement of facts set forth in the attached Memorandum of law, and verify to the truth of the same.
 4. We agreed to subordinate our purchase money mortgage to a construction mortgage to insure that our mortgage would be paid from the advances of the construction mortgage, and the amount of each payment would be the same proportion to our mortgage as the advance was to the construction mortgage.
 5. I did not know of the existence of the CBT mortgage until several years after it was executed, when I searched the Norwalk land records to prepare our own foreclosure of our purchase money mortgage.
Signed. . . .
The above affidavit is inadequate to support defendants' motion because it lacks an averment of personal knowledge. Further, even waiving such a requirement, the affidavit, on its face, adds little or nothing in terms of proof. All of paragraph 4 is inadmissible as hearsay. Affidavits are a form of the documentary proof necessary to carry a party's motion for summary judgment. The affidavit submitted by defendants is inadequate. In addition, the other documents submitted by defendants to support their motion are neither sworn nor certified copies. The documentary proof submitted by defendants is insufficient to carry the burden of proving the non-existence of any genuine issue of material fact and their entitlement to judgment as a matter of law. Based on the foregoing, defendants' motion for summary judgment is denied.
So Ordered.
Dated at Stamford, Connecticut this 4th day of February, 1993. CT Page 1383
WILLIAM BURKE LEWIS, JUDGE