[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action by the plaintiff, Antoni Rybicki, to recover for personal injuries allegedly sustained while entering a store on Fairfield Avenue in Stamford, owned by defendant Patricia Farrington, d/b/a Melfair CT Page 3770 Liquors. According to the complaint, defendant Ronmar Specialties, Inc. (Ronmar), was installing a metal security rolldown gate over the entrance to the store when it suddenly descended, striking plaintiff's head and injuring him. Plaintiff claims Ronmar was negligent in causing the grate or gate to fall down on plaintiff's head and in not warning him about the work in progress. Plaintiff also claims that Farrington was negligent in that "the installation and/or operation of said grates was performed under the control of defendant Patricia Farrington."
The defendant Farrington was defaulted for failure to appear. Ronmar filed a special defense that the plaintiff's injuries were proximately caused by his own contributory negligence.
Plaintiff has now moved for summary judgment as to liability only (#123.01), claiming that there are no genuine issues of material fact, and that he is entitled to judgment as a matter of law. Practice Book 384. "Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Connecticut Bank Trust Co. v. Carriage Lane Associates,219 Conn. 772, 780-81, 595 A.2d 334 (1991).
In support of his motion for summary judgment the plaintiff has submitted excerpts from his own deposition, in which he responds "I don't know" when asked how or why the accident happened. Plaintiff also submits a copy of a statement by Farrington referring to workmen belonging to Ronmar who were installing the rolling gate or door at her store. She states that "they pulled it down and it hit Mr. Rybizki (sic) in the head."
"The party moving for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which under applicable principles of substantive law, entitled him to judgment as a matter of law. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Fogarty v. Rashaw,193 Conn. 442, 445, 476 A.2d 582 (1984).
The plaintiff has not met that burden in this case, because he stated in his deposition that he did not how or why the accident happened. As to the statement by Farrington, our rules governing the granting of a summary judgment are stringent. "Our summary judgment rules require [an] affidavit to set forth such facts as would be admissible in evidence." Farrell v. Farrell, 182 Conn. 34, 38, 438 A.2d 415 (1980). Affidavits which do not contain a positive averment of personal knowledge are inadmissible. Evans Products Co. v. Clinton Building Supply, Inc., 174 Conn. 512, 515, CT Page 3771391 A.2d 157 (1978). "Pursuant to [381] of the Practice Book, affidavits filed in connection with a motion for summary judgment must be made on personal knowledge, must set forth facts which would be admissible in evidence, and must show that the affiant is competent to testify to all matters stated in the affidavit." Dorazio v. M. B. Foster Electric Co.,157 Conn. 226, 228, 253 A.2d 22 (1968). Where affidavits submitted by a party do not satisfy the requirements of Practice Book 381, a court cannot rely on them when deciding a motion for summary judgment. Fogarty v. Rashaw, supra, 444. Farrington's statement is not adequate to support summary judgment because it lacks an averment of personal knowledge, is not sworn to, and contains an opinion that Ronmar's workers "were in a rush to get home because it was the end of the day."
If the plaintiff had produced proper documentation for his motion it would have been granted, because Ronmar submitted affidavits of two of its workers who simply say "I was not negligent." This is insufficient under Wadia Enterprises, Inc. v. Hirschfeld, 27 Conn. App. 162, 166, 168-70,604 A.2d 1339 (1992), which summarizes the obligations of the nonmovant: (i) the party opposing summary judgment must substantiate its claim to the contrary by showing that there is a genuine issue of material fact, and must disclose the evidence establishing the existence of such an issue; (ii) "[m]ere statements of legal conclusions . . . and bald assertions, without more, are insufficient to raise a genuine issue of material fact capable of defeating summary judgment;" (iii) "[i]t is not enough that one opposing a motion for a summary judgment claims that there is a genuine issue of material fact; some evidence showing the existence of such an issue must be presented in the counter affidavit;" (iv) "[i]t is not enough . . . merely to assert the existence of such a disputed issue . . . [instead] the genuine issue aspect requires the party to bring forward before trial evidentiary facts, or substantial evidence outside of the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred;" and (v) "[m]ere statements of legal conclusions or that an issue of fact does exist are not sufficient to raise the issue." (internal citations and quotation marks omitted).
Defendant Ronmar's affidavits disclaiming negligence fall far short of meeting the standards set forth in Wadia. However, plaintiff's motion fails because of the axiom that evidence which would be inadmissible at trial is insufficient to support a motion for summary judgment. Farrell, supra, 39.
Therefore, plaintiff's motion for summary judgment as to liability is denied.
So Ordered.
Dated at Stamford, Connecticut, this 20th day of April, 1993.
William B. Lewis, Judge CT Page 3772
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.]
CT Page 3772-N