[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT
The plaintiff, Myrna Kinne, filed the original complaint in the instant action on October 11, 1991 against the defendants Amy L. DeBesse and Nancy DeBesse. In her original complaint, the plaintiff alleges that she was injured on June 3, 1990 when a vehicle operated by Amy L. DeBesse and owned by Nancy DeBesse collided into the rear of the vehicle in which she was riding. The original complaint is in one count against the DeBesses in which the plaintiff alleges Amy L. DeBesse was negligent in operating the vehicle.
On December 11, 1991 the defendants filed a motion to cite in or implead George Kinne, the driver of the vehicle CT Page 4194 in which the plaintiff was a passenger. The motion was granted by the court, Koletsky, J., on May 18, 1992. The defendants filed a third-party complaint against the third-party defendant, George Kinne, in which they allege that any injury sustained by the plaintiff was due in whole or in part by the negligence of George H. Kinne in that:
 a. he turned, or moved said vehicle from a direct course upon the highway when such movement could not be made with reasonable safety, and failed to signal his intention to turn, all in violation of Sections 14-241 and 14-242 of the Connecticut General Statutes;
 b. he failed to keep said vehicle under proper control;
 c. he failed to keep a reasonable lookout for other vehicles upon the highway;
 d. he stopped at said intersection so suddenly that other drivers upon the highway could not reasonably be expected to stop in time;
 e. he was making a U-turn at a location so inappropriate that other drivers upon the highway could not reasonably expect such conduct.
The third-party plaintiffs allege that they are entitled to allocation of responsibility, if any, and indemnification from the third-party defendant.
On March 16, 1992 the third-party defendant filed an answer and special defense to the third-party plaintiff's complaint.
The plaintiff filed a motion seeking to cite in George Kinne as a defendant, and an amended complaint, on April 28, 1992.
In her amended complaint, the plaintiff adds to the CT Page 4195 original complaint one count of negligence against the defendant George Kinne alleging similar facts as alleged against him in the third-party complaint.
The defendant Kinne filed an answer to the plaintiff's amended complaint on November 12, 1992. The DeBesses filed an answer and a special defense on November 16, 1992. In their special defense, the DeBesses assert that they are entitled to credit for payments from collateral sources to the plaintiff.
On January 20, 1993, the defendant Kinne filed a motion for summary judgment, and accompanying memorandum of law, on the ground that he was not negligent as a matter of law.
The plaintiff and the DeBesses filed a joint memorandum in opposition to the defendant Kinne's motion in which they assert that there exists a genuine issue of material fact as to whether Kinne was negligent.
DISCUSSION
Summary judgment may be had if the moving party proves the nonexistence of material fact and that he is entitled to judgment as a matter of law. Practice Book 381.
"A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to, affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." Practice Book 380. Uncertified and unattested deposition testimony may not be used to decide a motion for summary judgment. Gough v. Town of Fairfield, 7 Conn. L. Rptr. 50
(July 9, 1992, Lewis, J.).
"`The party moving for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which under applicable principles of substantive law, entitle[d] him to judgment as a matter of law. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact.'" Fogarty v. Rashaw, 193 Conn. 442, 445,476 A.2d 582 (1984), quoting Dougherty v. Graham, 161 Conn. 248, CT Page 4196 250, 287 A.2d 382 (1971).
In his memorandum, the defendant Kinne argues that the documentary evidence submitted by him proves the nonexistence of a genuine issue of fact and that he is, therefore, entitled to judgment as a matter of law. The defendant Kinne filed the following in support of his motion: (1) the police report; (2) the affidavit of George Kinne; and (3) excerpts from the deposition testimony of George Kinne, Amy DeBesse and Myrna Kinne.
Although Practice Book 380 requires that depositions be certified and authenticated, since both sides refer to deposition testimony the court has reviewed the same and considered it in making its ruling.
The police report submitted by the defendant Kinne indicates that Amy DeBesse did not see the Kinne vehicle until she struck its rear end. She was ticketed for failure to drive a reasonable distance apart, in violation of Connecticut General Statutes 14-240.
In his affidavit, the defendant Kinne states that on June 3, 1990 at approximately 4:30 p.m., he was operating a vehicle on Water Street in New London and had stopped his vehicle for a traffic control signal. He states further that the plaintiff was a passenger in his vehicle and that his vehicle was hit in the rear by the vehicle driven by the defendant Amy DeBesse suddenly and without warning with great force.
The defendant George Kinne has also submitted deposition evidence that he was stopped for a red light and had been stopped for several seconds before his vehicle was struck in the rear by the DeBesse vehicle. DeBesse states she never saw the Kinne vehicle until she hit the rear of that vehicle.
The plaintiff and the defendant DeBesse have submitted no evidence to support their claims of negligence on the part of Kinne. They have made totally unsupported allegations.
DeBesse's brief claims that the defendant Kinne turned his vehicle when it was not safe to do so; failed to CT Page 4197 signal his intention to turn; failed to keep a reasonable lookout; stopped suddenly, and made a U-turn at an inappropriate location; all without evidence to support any one of these claims. The plaintiff's deposition states that Kinne was stopped at a red light and had been sitting there for several seconds before the collision. No evidence was produced to contradict this statement. The plaintiff also testified that there was nothing George Kinne could do to avoid the collision.
Summary judgment is not to be defeated by fanciful claims of negligence arising from the ingenuity of counsel rather than founded upon the evidence.
The plaintiff and third-party plaintiff failed to provide a counter affidavit or any other evidence whatsoever. It is incumbent upon them to present evidence. The defendant does not have the duty to disprove the allegations of the complaint. The burden of proof is on the plaintiff to prove the allegations of negligence. This has not been done.
For those opposing summary judgment to claim that mere allegations of negligence without any evidence creates a genuine issue of fact is erroneous. The party opposing the motion for summary judgment has responsibilities of proof and may not rebut the movant's showing of nonexistence of issues of fact by a bald statement that an issue of fact exists. Instead the opposing party must file affidavits and other documentary evidence which sets forth specific facts showing that there is a genuine issue for trial. New Haven Tobacco Co. v. O'Brien, 37 Conn. Sup. 815 (1981).
Here the parties opposing the motion merely claim that Kinne failed to address the plaintiff's allegations. By presenting factual evidence in the form of the police report, an affidavit and deposition testimony, Kinne effectively refuted the unsupported claims of negligence made against him.
Summary judgment is designed to eliminate delay and promote frugality in the use of judicial resources. Dowling v. Kielak, 164 Conn. 12 (1970); Dorazio v. M.B. Foster Elec. Co., 157 Conn. 226 (1968).
The court finds that there is no genuine issue of CT Page 4198 material fact. Accordingly, the motion for summary judgment is granted.
Hurley, J.