[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
The plaintiff in this action has sued his former law partner to collect on a promissory note dated April 15, 1992 and to enforce certain conditions contained in an agreement dated March 16, 1995. An earlier lawsuit to collect on the 1992 note was withdrawn after execution of the 1995 agreement, which also resolved other issues concerning the dissolution of the parties partnership. That agreement included a provision requiring the defendant to sign a new note due and payable on July 31, 1995, or when the domicile of the defendant was sold, as well as other payment provisions. By the terms of the agreement, the 1995 note superseded the first note and provided that once the second note was signed and the other conditions complied with, the first note would be considered paid in full. It is undisputed that the defendant's home was sold before; July 1, 1995 and that certain of the payment conditions contained in the 1995 agreement have not been complied with by the defendant.
The plaintiff contends that these undisputed facts demonstrate that the 1995 agreement has been breached, that the CT Page 8396 1992 note is therefore now due and payable along with the other unpaid obligations contained within the 1995 agreement. The plaintiff contends that there are no material facts in dispute and that he is entitled to judgment as a matter of law.
Summary judgment must be granted if the pleadings, affidavits, and other documentary proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Conn. Practice Book § 384; Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105,639 A.2d 507 (1994); Telesco v. Telesco, 187 Conn. 715,447 A.2d 752 (1982); Yanow v. Teal Industries, Inc., 178 Conn. 262,422 A.2d 311 (1979). A "material" fact is one which will make a difference in the outcome of the case. Hammer v. Lumberman'sMutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). In ruling upon a summary judgment motion, the court merely determines whether an issue of fact exists, but does not try the issue if it does exist. Michaud v. Gurney, 168 Conn. 431,362 A.2d 857 (1975).
The purpose of summary judgment is to eliminate the delay and expense accompanying a trial where there is no real issue to be tried. Dowling v. Kielak, 160 Conn. 14, 273 A.2d 716 (1970);Dorazio v. M.B. Foster Electronic Co., 157 Conn. 226, 253 A.2d 22
(1968). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connecticut Bank Trust Co. v. Carriage LaneAssociates, 219 Conn. 772, 780-81, 595 A.2d 334 (1980).
Once the moving party has submitted evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. Bartha v. Waterbury House Wrecking Co., 190 Conn. 8,11-12; Farrell v. Farrell, 182 Conn. 34, 38 (1980); RuscoIndustries, Inc. v. Hartford Housing Authority, 168 Conn. 1, 5
(1975). It is not enough for the opposing party merely to assert the existence of such a disputed issue. "Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book § 380." Bartha v.Waterbury House Wrecking Co., supra, 190 Conn. at 12. "The movant has the burden of showing the nonexistence of such issues but the evidence thus presented, if otherwise sufficient, is not rebutted by the bald statement that an issue of fact does exist." Kasowitzv. Mutual Construction Co., 154 Conn. 607, 613 (1967), quoting CT Page 8397Boyce v. Merchants Fire Ins. Co., 204 F. Sup. 311, 314 (D.Conn. 1962); Burns v. Hartford Hospital, 192 Conn. 451, 455 (1984).
The party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denial but must set forth specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256,106 S.Ct. 2505, 2514, 91 L.Ed.2d 202, 217 (1986), cited in Salomonv. Krusiewicz, 14 CLT 456 p. 31, 3 CSCR 84a (Super.Ct., New Britain, 10/6/88).
The only impediment to summary judgment raised by the defendant here is his claim that the 1995 promissory note was a novation which rendered all previous agreements, including the March 16, 1995 agreement, nullities. See, e.g., Mace v. CondeNast Publications, 155 Conn. 680, 688 (1967). The only alleged fact that the defendant can point to to support this contention is that the 1995 note bears the date of March 17, 1995 whereas the agreement bears the date of March 16, 1995. On the basis of this difference in dates, the defendant claims that it was his impression that the promissory note represented a novation. The defendant can point to no facts, however, which tend to support this "impression", which is in any event utterly belied by the specific reference to the note in the March 16 agreement. Whatever the defendant claims his impression might have been, the undisputed facts support only the conclusion that the March 17 note was a part of the March 16 agreement. The defendant, indeed, acknowledged at oral argument that there was no other note to which the March 16; agreement might have referred.
The defendant points out that the plaintiff would be unjustly enriched by being allowed to collect on both the 1992 note and on the remaining unfulfilled conditions of the March 16, 1995 agreement after the defendant has already paid certain sums pursuant to the March 16, 1995 agreement. The defendant's only claim for a set off, however, was in connection with a counterclaim which also was the subject of a motion for summary judgment by the plaintiff that was granted by this court, Corradino J., on July 22, 1996. Moreover, as the court is going to grant summary judgment as to liability only, the defendant will have an opportunity to argue damages at a later date.
Although the defendant obviously claims a different interpretation of the March 17, 1995 promissory note, there are no issues of fact in dispute, and based on those facts, the CT Page 8398 plaintiff is entitled to judgment on his complaint as a matter of law.
The motion for summary judgment is therefore granted as to liability only.
Jonathan E. Silbert, Judge