[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this declaratory judgment action, the plaintiff GARY C. MOORE ("Moore") seeks a determination that the defendant CONTINENTAL CASUALTY COMPANY ("Continental") is legally obligated to defend and indemnify the plaintiff in an action brought by a third party. The defendant has moved for summary judgment in its CT Page 8595 favor, claiming that there is no genuine issue as to a material fact that it has no obligation to defend or indemnify. The plaintiff concurs that there is no genuine issue as to any material fact but objects to the defendant's motion and argues that as a matter of law summary judgment should enter in his favor.[1]
Summary judgment must be granted if the pleadings, affidavits, and other documentary proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. P.B. § 384;Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105 (1994);Telesco v. Telesco, 187 Conn. 715 (1982); Yanow v. TealIndustries, Inc., 178 Conn. 262 (1979). A "material" fact is one which will make a difference in the outcome of the case. Hammerv. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578 (1990). In ruling upon a summary judgment motion, the court merely determines whether an issue of fact exists, but does not try the issue if it does exist. Michaud v. Gurney, 168 Conn. 431 (1975).
The purpose of summary judgment is to eliminate the delay and expense accompanying a trial where there is no real issue to be tried. Dowling v. Kielak, 169 Conn. 14 (1970); Dorazio v. M.B.Foster Electronic Co., 157 Conn. 226 (1968). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party."Connecticut Bank Trust Co. v. Carriage Lane Associates,219 Conn. 772, 780-781 (1980).
The following facts are not in dispute. Moore's sister, Gail Standish, brought a seven count complaint against Moore and an attorney, Richard Stapleton. Four of the seven counts are directed to Moore. All seven counts are directed toward Attorney Stapleton. The complaint alleges that Moore and Attorney Stapleton obtained a line of equity on property owned by Ms. Standish and encumbered that property by approximately $150,000. In Count Four, Ms. Standish alleges that Moore used the line of credit in violation of C.G.S. § 52-564, suffered monetary damages, emotional suffering and other consequential damages. In Count Five, Ms. Standish alleges that Moore acted as her fiduciary and wantonly and recklessly or intentionally made material omissions and misrepresentations to her regarding the line of equity. As a result, Ms. Standish alleges injuries resulting from the $150,000 encumbrance on her property and mental anguish and great stress. Count Six alleges a cause of CT Page 8596 action in intentional infliction of emotional distress. Count Seven sets forth a cause of action in negligent infliction of emotional harm. This underlying action was brought by complaint dated November 22, 1996 and served on the plaintiff on November 30, 1996.
Based upon the pleadings and motion papers in this action, it is also undisputed that Moore held a homeowner's insurance policy with Continental, and the effective dates of that policy were December 1, 1995 to December 1, 1996. On December 5, 1996, Continental received a copy of the complaint with a request to defend and indemnify Moore. On December 20, 1996, Continental issued a letter denying coverage and denying a defense to Moore. This declaratory judgment action was served on Continental on January 7, 1997.
The defendant Continental argues that its policy does not cover the claims by Ms. Standish against her brother, the plaintiff Moore for four reasons. First, the policy provides personal liability coverage only "if a claim is made or a suit is brought against you or any covered person for . . . personal injury . . . bodily injury . . . property damage." Continental argues that the Standish complaint alleges no such injury or damage. Second, the policy contains an exclusion for "personal injury, bodily injury or property damage which could be reasonably expected or intended by you or any covered person." Third, the policy contains an exclusion for "personal injury, bodily injury or property damage arising out of the rendering or failure to render a professional service of any nature even if covered by any other policy." Fourth, the policy contains an exclusion for "personal injury, bodily injury or property damage arising out of an act committed in violation of a law or ordinance by, or with the knowledge or expressed or implied consent of a covered person."
In determining whether Continental has a duty to defend Moore, the court looks simply to the allegations of the Standish complaint to see if they are sufficient to bring the claimed injury within the policy's coverage.[2] Flint v. UniversalMachine Company, 238 Conn. 637, 646-647 (1996) ("It is beyond dispute that an insurer's duty to defend, being much broader in scope and application than its duty to indemnify, is determined by reference to the allegations contained in the complaint"). The question before the court is whether the allegations of the Standish complaint fall within the liability coverage of the CT Page 8597 Policy.
The plaintiff recognizes that of the four counts addressed to him in the Standish complaint, three allege intentional acts that are excluded by the policy. (Plaintiff's Objection and Counter Motion dated July 3, 1997, p. 6). It is solely the seventh count sounding in negligent infliction of emotional harm which may confer the duty to defend and indemnify on the defendant.[3] In that count, Ms. Standish alleges the following:
21. The defendants negligently and carelessly caused emotional harm to the plaintiff in one or more of the following ways:
 a) In that they failed to inform the plaintiff that they were incurring substantial liabilities on her property as aforesaid;
 b) In that they negligently and carelessly failed to inform the plaintiff that the Will of the plaintiff's mother had been changed and would subject her property to a large encumbrance.
 c) In that they negligently and carelessly failed to warn the plaintiff of the effects of the actions they were taking concerning Coral Moore;
 d) In that even though they knew, or in the exercise of reasonable care should have known, that the combined effect of their actions would serve to create a severe financial hardship on Gail Standish, they failed to take any action which would allow her to protect herself from the effects of their actions.
The defendant's primary argument is that the policy does not cover this claim because the count does not allege "personal injury," "bodily injury" or "property damage," which are the types of claims for which the policy provides personal liability coverage. "Personal injury" as defined in the policy means CT Page 8598 "libel, slander, false arrest, wrongful detention, wrongful entry, malicious prosecution, invasion of privacy or defamation of character." A reading of the Standish count indicates no personal injury claim as defined by the policy. "Property damage" as defined by the policy means "physical injury to or destruction of property including loss of use of the property." Again Ms. Standish has not alleged, nor does the plaintiff contend, this claim is one for property damage. It is the category of "bodily injury" that creates the issue of coverage. The policy defines "bodily injury" as "bodily harm, sickness or disease, except any communicable disease, including required care, loss of services and death resulting therefrom." Ms. Standish alleged "emotional harm" as a result of the plaintiff's actions.
The law in interpreting insurance policies is well established.
 We begin our analysis with the general principles governing the construction of insurance policies. "An insurance policy is to be interpreted by the same general rules that govern the construction of any written contract and enforced in accordance with the real intent of the parties as expressed in the language employed in the policy. . . . The policy words must be accorded their natural and ordinary meaning. . . . Under well established rules of construction, any ambiguity in the terms of an insurance policy must be construed in favor of the insured because the insurance company drafted the policy. . . . This rule of construction may not be applied, however, unless the policy terms are indeed ambiguous. . . . Moreover, the mere fact that the parties advance different interpretations of the language in question does not necessitate a conclusion that the language is ambiguous. . .
Pacific Indemnity. Ins. Co. v. Aetna Casualty Surety Co.,240 Conn. 26, 29-30 (1997).
As noted by both parties, the Connecticut state courts have not addressed whether emotional harm is bodily injury under a liability policy. In Providence Washington Ins. Group v.Albarello, 784 F. Sup. 950 (D.Conn. 1992), Judge Cabranes did not need to reach this issue, although he provided some guidance in approaching it. "Under the theory advocated by defendants, an insured could wilfully breach a contract and then claim entitlement to insurance-funded defense on the theory that he did not desire or expect that the party bringing suit on the contract would suffer any damages. Mental distress of some sort is the CT Page 8599 common result of commercial relations gone awry." 784 F. Supp. At 955. In this case, the entire complaint but the seventh count alleges willful conduct on the part of the plaintiff in defrauding his sister, Ms. Standish of some $150,000. This count alleges that Moore was negligent in not warning his sister of his intentional conduct, and that his negligence caused emotional harm.
As for other jurisdictions, the majority rule is that "bodily injury" in a liability policy does not cover emotional distress unaccompanied by physical injury. B. Ostrager T. Newman,Handbook of Insurance Coverage Disputes, § 7.03[a]. In addition, the defendant has cited persuasive authority from the Ninth Circuit, Keating v. National Union Fire Insurance Co.,995 F.2d 154 (1993), which involved economic loss, as is the case here. In finding the insurer had no duty to defend investor lawsuits under its comprehensive general liability policies, the court found the following:
 It would expand coverage of these policies far beyond any reasonable expectation of the parties to sweep within their potential coverage any alleged emotional or physical distress that might result from economic loss that is itself clearly outside the scope of the policy.
995 F.2d at 156. As noted above, the allegations upon which the plaintiff relies for coverage seek damages for the emotional harm suffered as a result of the plaintiff's failure to inform Ms. Standish of his intentional conduct.
The plaintiff has provided no authority to the contrary but argues that because Connecticut recognizes a cause of action for negligent infliction of emotional distress when there is no physical manifestation that Connecticut would interpret this policy language in his favor. That argument cannot prevail in light of the law of Missionaries of Co. of Mary, Inc. v. AetnaCasualty Surety Co., 155 Conn. 104, 109-112 (1967) as followed in Flint v. Universal Machine Co., 238 Conn. 637, 646-647 (1996). "The obligation of the insurer to defend does not depend on whether the injured party will successfully maintain a cause of action against the insured but on whether he has, in his complaint, stated facts which bring the injury within coverage."Flint, supra, 238 Conn. at 646. Notwithstanding the plaintiff's argument that the court should look to the developing causes of action under Connecticut's common law, rather it is the court's CT Page 8600 role in this case to review the complaint and read the policy pursuant to the principles of insurance policy interpretation in order to decide if there is a possibility of coverage. PacificIndemnity, supra, 240 Conn. 29-30.
If the term bodily injury is ambiguous, then, under the well established rules of contract interpretation, this court would, construe the policy term in the plaintiffs favor. "Bodily harm, sickness or disease" are not ambiguous terms. "A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity, and words do not become ambiguous simply because lawyers or laymen contend for different meanings. . . ." (Citation omitted; internal quotation marks omitted) Julian v. Liberty Mutual Insurance Co.,43 Conn. App. 281, 287 (1996). The count on its face does not bring the injury of "emotional harm" within the provision of "bodily injury" as defined in the Policy. Accordingly, there is no coverage for the Standish claim, and no duty to defend is imposed upon the defendant.
In light of the court's finding on this issue it does not address the remaining issues raised by the defendant in support of the motion.[4]
The Defendant's motion for summary judgment is granted, and the plaintiff's cross motion is denied. The defendant is not obligated to defend and indemnify the plaintiff in the action brought by Gail Moore Standish. Judgment may enter accordingly.