[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs filed the instant complaint in April of 1998, alleging negligent misrepresentation and claiming a violation of the Connecticut Unfair Trade Practices Act (CUTPA). The defendant has moved for summary judgment based on its contention that the earlier granting of summary judgment in its favor in connection CT Page 14090 with two counts of the complaint in Richard D. Winston, et al v.Constance Hande, et al, Docket No. CV-97-0402968 precludes the assertion of the causes of action contained in the present litigation.
The facts are undisputed. The litigation entitled Richard D.Winston, et al v. Constance Hande, et al was filed in July of 1997 and named several defendants, including Beazley. In that litigation, count four alleged negligent misrepresentation by Beazley, and count five alleged a violation of CUTPA by Beazley. These are the same causes of action alleged in counts one and two, respectively, of the instant complaint.
In September of 1997, Beazley moved for summary judgment in the first lawsuit, asserting that the plaintiffs had failed to allege facts sufficient to support a cause of action for either negligent misrepresentation or a violation of CUTPA. Rather than respond directly to the motion for summary judgment, the plaintiffs filed a "first amended complaint" to which the defendant Beazley objected. The objection to the proposed amendment was never heard, and instead, the defendant claimed its motion for summary judgment to the short calendar. The plaintiffs neither filed an opposition to the motion for summary judgment nor appeared when argument on the motion for summary judgment was scheduled. At oral argument, counsel for the defendant advised the court of its objection to the proposed amendment and requested that judgment enter in its favor in accordance with its motion for summary judgment. The court, Fracasse, J., thereupon granted the defendant's motion in open court. Approximately five weeks later, without having taken an appeal from the granting of summary judgment, the plaintiffs moved to reopen the summary judgment, which motion was denied by the undersigned.
The plaintiffs then filed the present action. The defendant has moved for summary judgment again, arguing that the doctrine of res judicata prevents the litigation of the causes of action asserted in the plaintiffs two count complaint.
Summary judgment must be granted if the pleadings, affidavits, and other documentary proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Conn. Practice Book § 17-49; Suarez v. Dickmont Plastics Corp. , 229 Conn. 99,105, 639 A.2d 507 (1994); Telesco v. Telesco, 187 Conn. 715,447 A.2d 752 (1982); Yanow v. Teal Industries, Inc., 178 Conn. 262, CT Page 14091422 A.2d 311 (1979). A "material" fact is one which will make a difference in the outcome of the case. Hammer v. Lumberman'sMutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). In ruling upon a summary judgment motion, the court merely determines whether an issue of fact exists, but does not try the issue if it does exist. Michaud v. Gurney, 168 Conn. 431,362 A.2d 857 (1975).
The purpose of summary judgment is to eliminate the delay and expense accompanying a trial where there is no real issue to be tried. Dowling v. Kielak, 160 Conn. 14, 273 A.2d 716 (1970);Dorazio v. M.B. Foster Electronic Co., 157 Conn. 226, 253 A.2d 22
(1968). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connecticut Bank Trust Co. v. Carriage LaneAssociates, 219 Conn. 772, 780-81, 595 A.2d 334 (1980). "Because res judicata or collateral estoppel if raised, may be dispositive of a claim, summary judgment [is] the appropriate method for resolving" such a claim. Jackson v. R.G. Whipple. Inc.,225 Conn. 705, 712, 627 A.2d 374 (1993).
The doctrine of res judicata may be stated thus: a final judgment on the merits bars relitigation in any court of the same cause of action. See. e.g., Connecticut Water Company v.Beausoleil, 204 Conn. 38, 43, 526 A.2d 1329 (1987). "A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in the action." Federated Department Stores. Inc., etal v. Marilyn Moitie, et al, 452 U.S. 394, 398, 101 S.Ct. 2424,2428 (1981).
"The doctrine of res judicata is a judicially created doctrine, which may be said to exist as an obvious rule of reason, justice, fairness, expediency, practical necessity, and public tranquility. Public policy, judicial orderliness, economy of judicial time, and the interest of litigants, as well as the peace and order of society, all require that stability should be accorded judgments, that controversies once decided on their merits shall remain in repose, that inconsistent judicial decisions shall not be made on the same set of facts, and that there be an end to litigation which, without the doctrine of res judicata, would be endless." 46 Am.Jur.2d Judgments Sec. 395, pp. 559-561.
"Public policy dictates that there be an end of litigation; CT Page 14092 that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled as between the parties." FederatedDepartment Stores. Inc., et al v. Marilyn Moitie, et al,452 U.S. 394, ___, 101 S.Ct. 2424, 2429 (1981), quoting Baldwin v.Traveling Men's Assn., 283 U.S. 522, 525, 51 S.Ct. 517, 518,75 L. Ed 1244 (1931). Connecticut law is in accord with this proposition. "Our rules of res judicata are based on the public policy that a party should not be allowed to relitigate a matter which it already has had an opportunity to litigate." Duhaime v.American Reserve Life Ins. Co., 200 Conn. 360, 363-364,511 A.2d 33 (1986).
Res judicata is a rule of fundamental and substantial justice, of public policy and of private peace, which should be cordially regarded and enforced by the courts. Hart Steel Co. v.Railroad Supply Co., 244 U.S. 299, 37 S.Ct. 506, 507,61 L. Ed 1148 (1917). Its purposes include promoting judicial economy by minimizing repetitive litigation, preventing inconsistent judgments which undermine the integrity of the judicial system and providing repose by preventing one from being harassed by vexatious litigation. State v. Ellis, 197 Conn. 436, 466,497 A.2d 974 (1987).
The case of Jackson v. R. G. Whipple. Inc., 225 Conn. 705,627 A.2d 374 (1993) gave our Supreme Court an opportunity to discuss res judicata in detail. The Court noted that "the terms Res Judicata and collateral estoppel refer to the concepts of claim preclusion and issue preclusion respectively." Both concepts "express no more than the fundamental principle that once a matter has been fully and fairly litigated, and finally decided, it comes to rest." State v. Ellis, 197 Conn. 436, 465,497 A.2d 974 (1985). A "former judgment serves as an absolute bar to a subsequent action involving any claims relating to such cause of action which were actually made or which might have been made." Connecticut Water Co. v. Beausoleil, 204 Conn. 38, 43,526 A.2d 1329 (1987). The "operative facts" of a claim determine whether such claim is identical to a previously litigated cause of action. Kaufman v. Somers Board of Education, 368 F. Sup. 28,32 (1973).
The precise issue raised by the present motion for summary judgment, namely whether the plaintiffs had stated a cause of action for negligent misrepresentation and a CUTPA violation arising out of the same set of facts that is the subject matter CT Page 14093 of the instant litigation, was litigated in the prior lawsuit. The plaintiffs deny that this issue was actually litigated based on their contention that they were not present for oral argument on the motion for summary judgment in that case, but their failure to attend a scheduled argument of which they were fully aware does not change that argument's character as litigation. Moreover, although the pleading that was the subject of that motion for summary judgment had not yet been amended, and therefore was not in the form in which it appears in the present complaint, the doctrine of res judicata precludes not only claims that were actually made, but also those that could have been made in the earlier litigation. Connecticut Water Co. v. Beausoleil, supra.
It is true that the defendant could, in the first action, have filed a motion to strike instead of a motion for summary judgment to advance their contention that the plaintiffs' allegations did not set forth a cause of action. Had it done so, or had the court treated the motion for summary judgment as a motion to strike, the plaintiffs would have been able to plead over, essentially in the form of the "first amended complaint" that they had purported to file while the motion for summary judgment was pending. It is altogether possible that had the plaintiffs appeared at the argument scheduled on the motion for summary judgment, and had they indicated to the court that they had no objection to the court's treating the motion for summary judgment as a motion to strike so that they could then plead over, they would then have been able to move forward on their amended complaint. Rather that do that, however, they permitted the defendant to go forward with its motion qua motion for summary judgment, with the result that the court decided their case on the merits. That this laissez faire approach has proved unfortunate for the plaintiffs does not permit this court to ignore the doctrine of res judicata.
A defendant should not normally have the power to take advantage of a poorly drafted pleading by precluding the possibility of amendment through the vehicle of the filing of the motion for summary judgment. The fact that our Practice Book provides for the correction of such flaws following the granting of a motion to strike demonstrates that this is so. When, however, plaintiffs ignore the fact that a defendant is seeking to press its advantage and to seek resolution of the entire litigation through a motion for summary judgment, and when they fail both to file a formal response to the motion for summary CT Page 14094 judgment and to appear at the scheduled argument, they do so at their peril.
In this case, the plaintiffs led with their chins, failed to put up a fight, were knocked down and threw in the towel. The referee then stopped the contest. Under our rules, they are not permitted to get back up again and continue what is essentially the same fight.
The motion for summary judgment, based on the doctrine of res judicata, is therefore granted.
Jonathan E. Silbert, Judge