[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for replevin and damages under General Statutes § 52-515. The plaintiff, Leasing Technologies International, Inc., alleges that between May 1, 1999, and October 1, 1999, it entered into twelve lease agreements with the defendant, Uniscribe Professional Services, Inc., pursuant to which the defendant leased office and computer equipment from the plaintiff. The terms of the lease agreements required the defendant to make monthly payments of $76,664 to the plaintiff. The defendant allegedly made no payments on any of these leases CT Page 15772 for the months of August through December of 2000. The plaintiff alleges that the defendant presently owes it close to $3,000,000 in lease payments, accrued interest and late fees. The defendant still has possession of the equipment.
On December 22, 2000, the plaintiff applied for a prejudgment remedy of replevin in which it sought to replevy the equipment from the defendant. On May 7, 2001, after a hearing, the court granted the application, but stayed the action on the replevin for thirty days so that the defendant could prepare the equipment to be picked up by the plaintiff.
On June 12, 2001, the plaintiff filed a three count complaint. In the first count, the plaintiff seeks to replevy the same equipment that is the subject of the PJR application. In the second count the plaintiff asserts a cause of action against the defendant for breach of contract pursuant to Article 9 of the lease agreements.[1] The plaintiff claims that it was damaged as a result of the defendant's default of the master lease and the defendant's wrongful retention of the equipment. The third count, alleging breach of a security agreement, was voluntarily withdrawn by the plaintiff.
On July 10, 2001, the plaintiff filed motion #116 for summary judgment. On August 8, 2001, the defendant filed motion #124 to strike the breach of contract count, on the ground that said count violates General Statutes § 52-522 by improperly setting forth a cause of action that may not be brought with a replevin action. This court will first address the defendant's motion to strike and then the plaintiff's motion for summary judgment.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp.,240 Conn. 576, 580, 693 A.2d 293 (1997). "The role of the trial court [is] to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. MiddlesexMutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859 (1997). "Whenever any party wishes to contest the joining of two or more causes of action which cannot properly be united in one complaint, whether the same be stated in one or more counts, that party may do so by filing a motion to strike." (Internal quotation marks omitted.) Griffith v. Espada, Superior CT Page 15773 Court, judicial district of Hartford/New Britain at New Britain, Docket No. 489998 (January 25, 1999, Robinson, J.).
The defendant moves to strike count two on the ground that the plaintiff cannot bring causes of action for breach of contract and replevin in the same complaint. The defendant argues that according to General Statutes § 52-522, the replevy is the only cause of action that can be sought in a replevin action. The plaintiff counters that the motion to strike should be denied because General Statutes § 52-515
permits it to bring a complaint seeking both replevin and damages arising from a breach of contract.
"In Connecticut, replevin proceedings are governed by statute rather than by the rules that apply to common-law actions of replevin." Corneliov. Stamford Hospital, 246 Conn. 45, 49, 717 A.2d 140 (1998). General Statutes § 52-522 provides, in relevant part: "In an action of replevin, no cause of action, except of replevin or for a conversion of the goods described in the writ of replevin, may be stated." General Statutes § 52-515 states: "The action of replevin may be maintained to recover any goods or chattels in which the plaintiff has a general or special property interest with a right to immediate possession and which are wrongfully detained from him in any manner, together with the damages for such wrongful detention."
Two Superior Court cases have determined that no other causes of action may be stated with an action of replevin pursuant to § 52-522. One case held that an action in the nature of a writ of replevin cannot be combined with an action for breach of warranty. See Burgos v. NationalAuto Broker, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 284583 (September 30, 1991, Thim, J.). The other case determined that the plaintiff's complaint went beyond the scope of an action of replevin under § 52-522, because it alleged five causes of action. See Wasmer v. Fabricating Production Machinery, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 281076 (April 19, 1991, Thim, J.).
It appears clear pursuant to the language of General Statutes §52-522 that a party may not bring another cause of action with an action seeking replevin. Hence, the defendant's motion to strike the second count is granted.
"Practice Book . . . [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the CT Page 15774 evidence in the light most favorable to the nonmoving party." (Citations omitted; internal quotation marks omitted.) Miles v. Foley, 253 Conn. 381,385-86, 752 A.2d 503 (2000).
The plaintiff seeks summary judgment on both the replevin count and the breach of contract count, but the second count has now been stricken, so the motion for summary judgment is now directed solely at the first count of replevin. The plaintiff contends that it should be granted because it is undisputed that the defendant has failed to make any payments (except for $26,000.00 to obtain delays of plaintiff's prejudgment remedy hearing) since August 2000, and, as a result of defendant's default, the plaintiff is entitled to the liquidated damages provided for in Article 9. Furthermore, the plaintiff argues that since it initiated the underlying attachment action on December 22, 2000, the defendant has had ample opportunity to begin assembling any information it needs to oppose the plaintiff's summary judgment motion, which was filed on July 10, 2001.
The defendant argues that the motion for summary judgment should be denied for three reasons. First, the defendant argues that the plaintiff improperly joined a replevin action with a claim for breach of contract, a contention with which the court agrees as noted previously. Second, the defendant argues that Practice Book § 17-47 permits the court to deny a motion for summary judgment when a party opposing the motion has not had adequate time to conduct discovery. In support of this argument, the defendant attached an affidavit by Frank Marcinowski, its senior vice president and chief financial officer. Third, it claims that the amount of damages is factually disputed and needs to be resolved by a trier of fact.
Practice Book § 17-47 provides: "Should it appear from the affidavits of a party opposing the motion [for summary judgment] that such party cannot, for reasons stated, present facts essential to justify opposition, the judicial authority may deny the motion for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just." Pursuant to this provision, a party who contends that it needs to conduct additional discovery to respond to a motion for summary judgment is required to file a motion for a continuance and "must show by affidavit precisely what facts are within the exclusive knowledge of the moving party and what steps he has taken to attempt to acquire these facts." Dorazio v. M.B.Foster Electric Co., 157 Conn. 226, 230, 253 A.2d 22 (1968). "A party opposing a summary judgment motion pursuant to § 382 [now Practice Book (1998 Rev.) § 17-47] on the ground that more time is needed to conduct discovery bears the burden of establishing a valid reason why the motion should be denied or its resolution postponed including some CT Page 15775 indication as to what steps that party has taken to secure facts necessary to defeat the motion. . . . The trial court has wide discretion under § 382 to determine whether the party seeking additional time to conduct discovery already has had a sufficient opportunity to establish facts in opposition to the summary judgment motion. . . . "(Citations omitted.) Peerless Ins. Co. v. Gonzalez, 241 Conn. 476, 489, 697 A.2d 680
(1997).
In this case, the defendant did not file a motion for continuance. The affidavit of Frank Marcinowski states that the following facts are within the exclusive knowledge of the plaintiff: (i) the facts and circumstances surrounding the parties' entering into the lease and each of the schedules; (ii) the parties' intent with respect to the liquidated damages provision in the lease; and (iii) the plaintiff's damage calculations. Furthermore, the affiant states that the defendant has not had the opportunity to conduct discovery. The return date on the plaintiff's complaint was July 3, 2001, and the plaintiff filed its motion for summary judgment on July 11, 2001. Although the plaintiff filed its summary judgment motion only one week after the return date, the motion did not appear on the short calender until August 27, 2001. The affidavit submitted by the plaintiff is from James Riling, its chief financial officer. The affiant states clearly that the plaintiff entered into a master lease agreement on March 10, 1999, with the defendant and attached the lease to its motion. It is further stated that during a five month period in 1999, the plaintiff and the defendant entered into twelve lease agreements and the affiant attached schedules relating thereto. According to Mr. Riling, the defendant has not paid the required lease payments of $76,664 a month, but has retained the office and computer equipment it leased from the plaintiff.
As indicated previously, the affidavit in opposition to summary judgment merely states that the defendant needs more time to study the "facts and circumstances" regarding "entering into the Leases and each of the Schedules." There is no claim by the defendant that the Master Lease or the other leases are invalid or that the defendant is not in default of the lease payments or that it has returned the office and computer equipment to the plaintiff. The defendant also submitted an affidavit from a vice-president, Edwin Kiernan, which primarily takes issue with the damages calculation. This issue is now moot because of the granting of the motion to strike the second count of the complaint. Mr. Kiernan acknowledges that his company leased the office and computer equipment on the various schedules but complains that the plaintiff has not picked up this equipment despite the defendant's request that it do so. In short, there is nothing in the defendant's affidavits that contradict the affidavit of the plaintiff that it leased the equipment to the defendant, that the defendant has neither paid what is owed under the CT Page 15776 terms of the lease, or returned the equipment to the plaintiff as it obliged to do in the event of a default of payment.
Accordingly, the plaintiff's summary judgment motion is granted with respect to the first count of the complaint seeking a replevin of the office and computer equipment it leased to the defendant because the defendant has not raised any genuine issues of material fact regarding the lease, the default and the failure to return the leased equipment.
Dated at Stamford, Connecticut, this 30th day of November, 2001.
William B. Lewis, Judge