MAMIE GREENBERG AND DAVID S. GREENBERG, HER HUSBAND, PLAINTIFFS, v. GARFIELD-PASSAIC BUS CO., A CORPORATION OF NEW JERSEY, JOHN KUDLACIK, JOSEPH PESTRAK, FRANK PESTRAK, MARY PESTRAK, FRANK WELDE AND JOHN PESTRAK, PARTNERS TRADING AS PERAWEL TRUCKING CO., RICHARD HORTON AND NATIONAL AUTOMOTIVE FIBRES, INC., A DELAWARE CORPORATION, DEFENDANTS.

Argued June 27, 1946—Decided July 24, 1946.

Before Justices BODINE, PERSKIE and WACHENFELD.

For National Automotive Fibres, Inc., and Richard Horton, *Collins & Corbin* (*Edward A. Markley* and *Edward L. Duggan*).

For Garfield-Passaic Bus Co. and John Kudlacik, *Charles A. Rooney* and *Wallace S. DePuy*.

For Mamie Greenberg and David S. Greenberg, *Breslin & Breslin* (*Morris Dobrin*).

The opinion of the court was delivered by

BODINE, J.  The present application is for a rule to show cause why two verdicts should not be set aside as being grossly excessive and the result of passion, bias or mistake.  The case was tried before Judge Leyden and a jury at the Bergen Circuit, and consumed four days.  The learned Circuit Judge denied the application for a new trial.  An application was then made before us, exceptions being reserved on both occasions.

On April 19th, 1945, Mrs. David S. Greenberg was standing upon the sidewalk at the southwest corner of Monroe Street and Hamilton Avenue in the City of Passaic. As a result of a collision between a bus owned by the Garfield-Passaic Bus Company and a truck owned by the National Automotive Fibres, Inc., she was struck by the truck and was thrown to the pavement. Thereafter, she was taken to the Beth Israel Hospital in Passaic and as a result of the accident both of her legs were amputated below the knee.

The jury returned a verdict of $50,000 in favor of Mrs. Greenberg, who was at the time of the accident fifty-five years old, and one in favor of her husband for $35,000 for the damages he suffered.

The verdict of a jury should not be lightly disturbed but only when it seems so unjust that the only sound conclusion can be that the jury in reaching it must have been influenced through passion, prejudice or corruption.

It appears that Mrs. Greenberg, prior to the accident, had done all of her housework. She has not been able to do any work since and it is necessary for her to be attended by nurses. The left stump healed without any trouble; there has been considerable difficulty, however, with the right stump. At the time of the accident, Mrs. Greenberg had a life expectancy of 17.4 years. Testimony was given as to the capital sum necessary at various rates of interest to provide for her care and the loss of her services in the household. Upon this testimony and the husband's testimony as to his out-of-pocket expenses the verdict of $35,000 in his favor can easily be sustained.

The verdict in favor of Mrs. Greenberg of $50,000 as compensation for the pain and suffering which she has and will suffer as a result of the accident seems to us not to be excessive. Before the accident, it appears that she was an active woman. Assuming that artificial limbs may be secured, it seems unlikely that her household duties may be easily performed without constant help.

Cases dealing with the amount of verdicts are never satisfactory. In *McKeon* v. *Delaware, &c., Railroad Co.,* 100 *N. J. L.* 258, a verdict for $50,000, because of an accident

resulting in the loss of both legs, was held not excessive. In
*Ferry* v. *Reid Ice Cream Co.*, 2 *N. J. Mis. R.* 1008, a verdict
in favor of a child four and one-half years old who lost a leg
at the knee joint was reduced from $25,000 to $15,000.

Economic and social conditions existing in other parts of
the country result in a difference in judicial points of view,
but we agree in this case that the reasoning of the learned
trial judge that the verdicts are not excessive so as to require
a new trial was sound.

The application for a rule will be denied, with costs.