## EDWARD M. RYAN *v.* JULIETTE DIONNE

| SUPERIOR COURT | NEW HAVEN COUNTY | FILE NO. 31899 |
| --- | --- | --- |
| | AT WATERBURY | |

Memorandum filed September 27, 1968

*James M. S. Ullman,* of Meriden, for the plaintiff.

*Fitzgerald & Fitzgerald,* of Waterbury, for the defendant.

MEYERS, J. For some time prior to and on and after May 23, 1967, the plaintiff was, and even now is, in the employ of the city of Waterbury as its collector of delinquent taxes. During that time, the defendant has been an employee of this municipality as its tax collector. The plaintiff has instituted this action against the defendant, seeking damages for alleged defamation. The amended complaint sets out, inter alia, that the defendant, "[o]n . . . May 23, 1967 . . . falsely and maliciously spoke and published false, scandalous, and malicious words as follows: 'We don't need to learn how to collect taxes . . . . What we need is competent help . . . . Something must be done to have a competent individual do this work . . . . Citizens owing small amounts of back taxes have received a series of demand notices, while others owing larger amounts have been completely ignored . . . . I'm trying to do a job . . . but I've said over and over again the Delinquent Tax Collector should have some kind of a system . . . . It's a disgrace to have such a man in our office . . . and the integrity of our entire office is reflected by his actions . . . . Which of you would hire this man? . . .' "

In the allegations of her answer, the defendant has included that "the plaintiff, as Delinquent Tax Collector of the City of Waterbury, was and is a public official . . . and that any such statements made by the defendant were made in good faith without malice and under an honest belief that they were true." The defendant has moved for summary judgment, averring that "there is no genuine issue that the defendant uttered the words attributed to her . . . with 'actual malice.' "

Decision must therefore be made as to whether there is demonstrated not just a scintilla of issue, a formal issue, but a real point, matter or question which sufficiently presents a genuine and triable issue. It must be determined if a trial is justified. This is to be accomplished by an examination of the facts presented by way of supporting affidavits and such other permissible and available documentation as has here been furnished. It is to be kept in mind that the function of this court, however, is not to try any issue of fact but only to conclude whether or not there exists a genuine issue as to a material fact. *Rathkopf* v. *Pearson,* 148 Conn. 260, 263.

It is parenthetically observed that, although the purpose of summary judgment procedure is to prevent vexation and delay, to aid the machinery of justice, to promote the expeditious disposition of cases and to avoid unnecessary trials, all such preferential handling of the business of the court may not occur unless and until a finding of the absence of a genuine issue as to a material fact can properly be made. A motion for summary judgment calls for penetration of the pleadings involved and the supporting proof as offered.

To the office of collector of delinquent taxes are attached a right and a duty both created and conferred by operation of law. The holding of this

office under civil service is not short-lived nor sporadic nor incidental. During his tenure, the incumbent of that office has the duty and correlative power to perform certain defined and continuous functions in the public interest. Both parties having pleaded the plaintiff's official status as collector of delinquent taxes of the city of Waterbury, it is clear that, at the time of the making by the defendant of the statements alleged, the plaintiff was a public official within the rule of *Rosenblatt* v. *Baer,* 383 U.S. 75, and *New York Times Co.* v. *Sullivan,* 376 U.S. 254; see 53 C.J.S., Libel and Slander, § 134; comment, "Defamation of the Public Official," 61 Nw. U.L. Rev. 614.

There is established a distinct and straightforward, albeit rigid, test which the plaintiff must meet. "The constitutional guarantees require, we think, a federal rule that prohibits a public official from recovering damages for a defamatory falsehood relating to his official conduct unless he proves that the statement was made with 'actual malice'—that is, with knowledge that it was false or with reckless disregard of whether it was false or not." *New York Times Co.* v. *Sullivan,* supra, 279. It is of interest also to note that in *Rosenblatt* v. *Baer,* supra, 86, Justice Brennan summarizes the *New York Times Co.* v. *Sullivan* decision in the following manner: "Society has a pervasive and strong interest in preventing and redressing attacks upon reputation. But in cases like the present, there is tension between this interest and the values nurtured by the First and Fourteenth Amendments. The thrust of *New York Times* is that when interests in public discussion are particularly strong, as they were in that case, the Constitution limits the protections afforded by the law of defamation."

Under our rules of practice, summary judgment should enter if there is no genuine issue as to any

material fact. Stephenson, Conn. Civ. Proc. § 131c (Sup. 1966). Under the *New York Times Co.* v. *Sullivan* rule the defendant's state of mind, the existence of actual malice, is the sine qua non of an action for defamation brought by a public official. Therefore, we must examine the affidavits and other evidence submitted in support and in contention of the instant motion to see whether there exists a genuine and triable issue as to this essential fact.

In support of her motion for summary judgment, the defendant has offered evidence in three areas. She has filed an affidavit in which is asserted both her belief in the truth of the stated utterances and the reasonableness of that belief. She has submitted extracts from testimony given before the aldermanic subcommittee on delinquent taxes. The defendant also has presented for examination certain portions of the records of the collector of delinquent taxes.

To begin with, there is no attack or reflection upon the integrity of the defendant's expressed belief in the truth of the statement which the plaintiff finds objectionable. Further, in his counter affidavit the plaintiff addresses himself to the conclusions to be drawn from the evidence offered by the defendant. For example, with regard to the records from the office of the collector of delinquent taxes, he offers evidence that many of the problems antedated his tenure in office and that his clerical staff was insufficient to process all of the delinquent tax accounts properly. In many cases he draws disparate conclusions from the examination of the records and suggests that the sample supplied by the defendant is too small to support a conclusion that all delinquent tax accounts were handled in the same fashion. Significantly, however, he does not dispute the accuracy or authority of the records. He does not offer evidence, nor protest, that the defendant's statements were made in "reckless disregard" of the

truth or falsity of her conclusion that these records reflected the plaintiff's incompetence. The thrust of his argument is that while the records might lead one to a conclusion of incompetence, a fuller understanding of all the facts would exonerate him. This is, of course, not even akin to the offering of evidence indicative of a reckless disregard of truth or falsity.

As to the extracts of testimony before the aldermanic subcommittee, the plaintiff similarly takes issue with the conclusions to be drawn from that evidence. In his counter affidavit he states that "the allegations contained in . . . the Defendant's Affidavit are untrue and categorically denied." In oral argument on this motion, however, the plaintiff indicated before this court that the extract of testimony was not denied but the conclusion or characterization that the defendant gave it was denied. In neither the affidavit nor the oral argument did the plaintiff indicate that the defendant did not in fact believe her conclusion or that her conclusion as expressed and as a basis for the alleged defamation constituted a reckless disregard of its truth or falsity.

Other extracts of testimony were advanced by the defendant, and her affidavit contained conclusions that she drew from this source. In no case did the plaintiff attack the authenticity or accuracy of those extracts. In no case did he attack the reasonableness of the defendant's conclusion or its sincerity.

It is this information, moreover, to which the plaintiff refers when he says, in his counter affidavit, "[A] genuine issue of fact exists with respect to matters set forth in Defendant's Affidavit . . . ." The plaintiff offers considerable comment and some evidence to controvert what the defendant has sub-

mitted. If the material so submitted by the defendant in support of her motion, in spite of the absolute truth as to its being of record and that these assertions had been made, lacked somewhat in factual content, then by that alone the defendant's position would not fail. Whether or not there is some weakness or blemish in that regard is not here the issue. The issue here is considerably narrower. "[S]ince '. . . erroneous statement is inevitable in free debate, and . . . [since] it must be protected if the freedoms of expression are to have the "breathing space" that they "need . . . to survive" . . . ,' only those false statements made with the high degree of awareness of their probable falsity demanded by *New York Times* may be the subject of either civil or criminal sanctions." *Garrison* v. *Louisiana,* 379 U.S. 64, 74.

The defendant has come forward with evidence upon which she claims to have relied. It was then incumbent on the plaintiff to make some showing of recklessness on the part of the defendant in so relying or that she had a "high degree of awareness of their probable falsity." A careful perusal of the plaintiff's counter affidavit fails to reveal any evidence directed at this narrow but vital issue. " 'It is not enough that one opposing a motion . . . claims there is a genuine issue of material fact; some evidence showing the existence of such an issue must be presented. . . .' *Boyce* v. *Merchants Fire Ins. Co.,* 204 F. Sup. 311, 314 (D. Conn.)." *Kasowitz* v. *Mutual Construction Co.,* 154 Conn. 607, 613; *Rathkopf* v. *Pearson,* 148 Conn. 260, 264; *Hartford Federal Savings & Loan Assn.* v. *Aetna Casualty & Surety Co.,* 25 Conn. Sup. 418, 426.

Not determinative of the instant problem but indicative of the further effective force generated by *New York Times Co.* v. *Sullivan,* 376 U.S. 254, is the direction taken by decisions after full trial in

subsequent cases. The United States Supreme Court has held that a plaintiff public official, in order to support his position of claimed defamation, must show as against a defendant an "intent to inflict harm through falsehood." *Henry* v. *Collins,* 380 U.S. 356, 357. Courts have repeatedly required of a plaintiff a "convincing clarity" of proof of the actual malice which the constitutional standard demands. *New York Times Co.* v. *Sullivan,* supra, 285; *Pauling* v. *Globe-Democrat Publishing Co.,* 362 F.2d 188, 198.

It is dispositive of the instant motion that no genuine and triable issue of material fact is found to exist as to the absolute requirement of actual malice on the part of the defendant.

The defendant's motion for summary judgment is granted.