[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#107)
This action arises out a real estate contract entered into between David H. Payor and Patricia H. Payor ("plaintiffs"), and Sherwood Jacobson and Ruth Jacobson ("defendants"). The plaintiffs were the owners of real property located at 622 Mulberry Point Road, Guilford, Connecticut. On or about March 20, 1990 the plaintiffs entered into a written contract with the defendants whereby the plaintiffs agreed to sell and the defendants agreed to buy the Mulberry Point property for the purchase price of $485,000.00. CT Page 4962
In accordance with the terms of the contract, the defendants made an initial deposit in the amount of $1,000.00. The defendants subsequently failed to make an additional deposit required by the terms of the contract to be made on or before April 4, 1990 in the amount of $44,000.00. The defendants also failed to close the purchase of the property as required by the contract despite the fact that the plaintiffs made demand for the full purchase price and tendered the deed.
On April 22, 1991 the plaintiffs filed a two-count complaint against the defendants. In the first count the plaintiffs allege that the defendants breached the contract when they failed to close the purchase of the property, and they seek liquidated damages in accordance with the pertinent provisions of the contract. In the second count the plaintiffs again alleged breach of contract for failure to close the purchase, and they seek actual money damages. The plaintiffs allege that these actual damages arise from the fact that, in reliance upon their buy/sell contract with the defendants, the plaintiffs thereupon entered into a third-party contract to purchase a new home, but that as a result of the defendants' breach, they were unable to consummate the purchase of their new home from the third-party seller, thereby causing them to suffer actual damages in the form of a lost deposit in the amount of $16,500.00. The plaintiffs further allege that they suffered additional actual damages because they were unable to sell the Mulberry Point property for an extensive period of time, and that the property eventually sold for a price that was $143,000.00 less than the price the defendants had agreed to pay.
On October 8, 1991 the defendants filed their answer and special defenses to the complaint. The defendants allege as a special defense that the contract contains a valid liquidated damages clause that has been paid and satisfied according to its requirements. On October 11, 1991 the plaintiffs filed their reply to the defendants' special defenses, thereby closing the pleadings between the parties.
On January 7, 1992, the defendants timely filed both a motion for summary judgment and a memorandum of law in support thereof. In their motion, the defendants allege that there is no genuine issue as to any material fact and that they have fully satisfied all the requirements of the liquidated damages clause by their payment of the $1,000.00 initial deposit, and that therefore they are entitled to summary judgment on their special defense.
The plaintiffs submitted a memorandum of law in opposition to the motion for summary judgment, dated January 28, 1992. In their opposition memorandum the plaintiffs contend that whether the CT Page 4963 defendants fully met the requirements of the liquidated damages provision in the contract presents a genuine issue of a fact material to the outcome of the case.
Practice Book 384 provides that summary judgment "shall be rendered forthwith if; the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Zichichi v. Middlesex Memorial Hospital, [204 Conn. 399, 402, 528 A.2d 805 (1987)]; Catz v. Rubenstein,201 Conn. 39, 48, 513 A.2d 98 (1986); Daily v. New Britain Machine Co., 200 Conn. 562, 568, 512 A.2d 893 (1986). `"A `material' fact has been defined adequately and simply as a fact which will make a difference in the result of the case." United Oil Co. v. Urban Redevelopment Commission, [(158 Conn. 364, 379, 260 A.2d 596
(1969)].' Catz v. Rubenstein, supra. `The test is whether a party would be entitled to a directed verdict on the same facts.' State v. Goggin, 208 Conn. 606, 616, 546 A.2d 250 (1988).
Hammer v. Lumberman's Mutual Casualty Co., 214, Conn. 573, 578, 573 A.2d 699 (1990; Connell v. Colwell, 214 Conn. 242, 246-47,571 A.2d 116 (1990). "A defendant's motion for summary judgment is properly granted if it raises at least one legally sufficient defense that would bar the plaintiff's claim and involves no triable issue of fact." Petrille v. Raybestos-Manhattan-Europe, Inc., 196 Conn. 529, 543, 494 A.2d 555
(1985).
The issue raised by the defendants' special defense revolves around the interpretation to be accorded the language of paragraphs 4, 6 and 17 of the contract. The defendants argue that no genuine issues of material fact are in dispute and the only legal issue involved pertains to the application of the liquidated damages clause contained in paragraph 17.
The gravamen of the claim made by the plaintiffs in the first count of their complaint is that the defendants are required by the pertinent liquidated damages contract provision to pay to the plaintiffs an additional $44,000.00 following the breach of the contract. The defendants argue that when they paid the initial deposit of $1,000.00 they satisfied in full the requirements of the liquidated damages clause.
It is well settled in Connecticut that "a contract provision which imposes a penalty for breach of contract is invalid, but a provision which allows liquidated damages for breach of contract is enforceable if certain conditions are satisfied. Norwalk Door Closer Co. v. Eagle Lock Screw Co., 153 Conn. 681, 686,220 A.2d 263 (1966)." Hanson Development Co. v. East Great Plains Shopping Center, Inc., 195 Conn. 60, 64, 485 A.2d 1296 (1985). These three CT Page 4964 threshold conditions are that: "(1) the damage which was to be expected as a result of a breach of contract was uncertain in amount or difficult to prove; (2) there was an intent on the part of the parties to liquidate damages in advance; and (3) the amount stipulated was reasonable. Berger v. Shanahan, 142 Conn. 726,732, 118 A.2d 31 (1955)." Id., 64-65.
The parties in the present action do not dispute that the liquidated damages clause in the contract is valid and enforceable. The defendants argue therefore that this court need only examine the language of the pertinent contract provisions to determine whether they have fully satisfied and complied with the liquidated damages clause. Paragraph 4(a) of the contract provides that: "The Buyer has made the following deposit on this contract: (subject to collection, failure of which constitutes default) — $1,000." (Emphasis added.) Paragraph 4(b) provides: "The Buyer will make the following additional deposit on or before 4 April 1990 (subject to collection, failure of which constitutes default) — $44,000." (emphasis added.)
It is undisputed that the defendants made the initial deposit of $1,000.00 and that they failed to make the additional deposit of $44,000.00. The defendants maintain, nevertheless, that their failure to make the additional deposit constitutes a "default" pursuant to paragraph 4(b). This, they argue, necessitates an examination of paragraph 17 in order to determine the parties' responsibilities and obligations.
Paragraph 17 provides: "Default: If buyer defaults under this Contract and Seller is not in default, Buyer's deposits shall be paid over to and retrained by Seller as liquidated damages and Buyer and Seller shall be relieved of further liability to each other under this Contract." (Emphasis added.) Paragraph 6, further provides: "Deposits. All deposits will be held by the Listing Agency until transfer of title, except as provided in Paragraph 5. In the case of a dispute, the Listing Agency reserves the right to hold all deposits, without interest or other liability, until the parties; rights to the deposits are adjudicated or agreed upon." (Emphasis added.)
The defendants argue that the language of these provisions is unequivocal and compels the following conclusions: that (1) the only deposit being held by the listing agent is the initial deposit of $1,000.00; (2) paragraph 17 provides that only those deposits of the buyer that are held by the agent were to be paid over the seller as liquidated damages; and (3) once the defendants breached the contract by failing to make the additional deposit of $44,000.00 additional deposit that was never paid over, and that their motion for summary judgment on their special defense should be granted. CT Page 4965
The plaintiffs argue in opposition to the motion that the intent of the parties as to what constituted "deposits" for the purposes of the liquidated damages clause is at issue, and that this presents a genuine issue of material fact not properly resolved by summary judgment. The court finds the plaintiffs' argument more persuasive and meritorious than the argument advanced by the defendants. Paragraph 4(a) describes the initial payment of $1,000.00 as a "deposit." Paragraph 4(b) describes the subsequent payment of $44,000.00 to be made on April 4, 1990 as an "additional deposit." Paragraph 17 provides that "Buyer's deposits shall be paid over and retained by Seller as liquidated damages. . . ." The plaintiffs argue that the use of the plural "deposits" demonstrates that the parties intended both "deposits" to be paid over in the event of a breach. Therefore, the plaintiffs contend, the total amount due and owing as liquidated damages is $45,000.00. This amount, the plaintiffs further argue, is nearly 10% of the purchase price, well within the range of permissible liquidated damages amounts. Vines v. Orchard Hills, Inc., 181 Conn. 501, 512, 435 A.2d 1022 (1981) (10% of purchase price as the liquidated damages amount is presumptively correct amount). They argue that it would be unreasonable to assume that the nominal sum of $1,000.00, which constitutes less than one quarter of one percent of the contract price, represents the intention of the parties as to the liquidated damages.
In order for the defendants to ultimately prevail in this action they must prove that the parties intended that the initial deposit of $1,000.00 was the only deposit intended as liquidated damages, and that the plural term "deposits" in the liquidated damages clause was intended to apply only to that single, initial deposit, and not to the additional deposit that the defendants were obligated to pay by April 4, 1990. "Such a determination of what the parties intended is normally a question of fact . . . ." (Citations omitted.) Thompson Peck, Inc. v. Harbor Marine Contracting Corp., 203 Conn. 123, 130, 523 A.2d 1266 (1987). See also Eastern Bus Lines, Inc. v. Board of Education, 7 Conn. App. 581,588, 509 A.2d 1071 (1986).
It is well settled in Connecticut that "[t]he interpretation of an agreement presents a question of fact for the trial court . . . ." Friedlander v. Friedlander, 5 Conn. App. 1, 5,496 A.2d 964 (1985). "Our Supreme Court has repeatedly held that `what the parties intended to encompass in their contractual commitments is a question of the intention of the parties, and an inference of fact.' Bead Chain Mfg. Co. v. Saxon Products, Inc.,183 Conn. 266, 274-75, 439 A.2d 314 (1981); John F. Epina Realty, Inc. v. Space Realty, Inc., 194 Conn. 71, 78, 480 A.2d 499 (1984); Gallicchio Bros., Inc. v. C S Oil Co., 191 Conn. 104, 107,463 A.2d 600 (1983)." Eastern Bus Lines, Inc. v. Board of Education, CT Page 4966 supra, 584.
In ruling on a motion for summary judgment, the function of the court "is not to try any issue of fact buy only to conclude whether or not there exists a genuine issue as to a material fact. Rathkopf v. Pearson, 148 Conn. 260, 263 [, 170 A.2d 134 (1961)]." Ryan v. Dionne, 28 Conn. Sup. 35, 37, 248 A.2d 583 (1968). The contract language is amenable to the construction advanced by the plaintiffs, and in order for this court to properly construe or interpret the contract it must consider the parties' intent, thereby presenting a genuine, triable issue of a fact material to the outcome of the action. Accordingly, the defendants' motion for summary judgment is denied.
As to the second count of the complaint, the defendants make the additional argument that because it is undisputed that the contract contains a valid enforceable liquidated damages clause, the plaintiffs as a matter of law cannot maintain or prevail on their claim for actual damages. The defendants rely on the following language in Hanson Development Co. v. East Great Plains Shopping Center, Inc., supra, 64, as standing for this proposition: "It is well settled that a seller may not retain a stipulated sum as liquidated damages and also recover actual damages. Camp v. Cohn, 151 Conn. 623, 626, 201 A.2d 187 (1964)."
The defendants' reliance on Hanson Development Co. is misplaced and their argument is disingenuous for several reasons. First, it is well settled in Connecticut that "[u]nder our pleading practice, a plaintiff is permitted to advance alternative and even inconsistent theories of liability against one or more defendants in a single complaint. Practice Book 94, 137; Veits v. Hartford, 134 Conn. 428, 434-35, 48 A.2d 389 (1948)." Dreier v. Upjohn Co., 196 Conn. 242, 245, 492 A.2d 164 (1985). "The plaintiff may claim alternative relief, based upon an alternative construction of his cause of action." Practice Book 137. Absent a showing of prejudice, "there is no general prohibition of inconsistent pleadings. See Practice Book 94, 137; Dreier v. Upjohn Co., [supra]." Hanover Ins. Co. v. Fireman's Fund Ins. Co., 217 Conn. 340, 346, 586 A.2d 567 (1991).
Second, Hanson Development Co. merely stands for the proposition that a plaintiff cannot recover or obtain a judgment on both alternative or inconsistent forms of relief: "a seller may not retain a stipulated sum as liquidated damages and also recover actual damages." (Emphasis added.) Hanson Development Co. v. East Great Plains Shopping Center, Inc., supra.
Third, this issue has been previously ruled upon in this same action. On June 3, 1991 the defendant filed a motion to strike (#101 in court file) the second count of the complaint on the CT Page 4967 ground that the plaintiffs cannot recover actual damages when the contract contains a liquidated damages provision. The defendants again cited Hanson Development Co. as support for their argument that the two causes of action were improperly joined. The plaintiffs opposed the motion on the ground that they were permitted under Connecticut's rules of practice and case law to maintain the alternative claims for relief and causes of action in the same complaint. On June 24, 1991 the court, Honorable Donald T. Dorsey, denied the defendants' motion to strike without issuing a memorandum of decision. Nonetheless, this prior ruling by the court on this precise issue is the law of the case and is dispositive as to the defendants' claim. "A judge should hesitate to change his own rulings in a case and should be even more reluctant to overrule that of another judge." Breen v. Phelps,186 Conn. 86, 99, 439 A.2d 1066 (1982). See also Rosenblit v. Danaher, 206 Conn. 125, 132-133, 537 A.2d 145 (1988).
Therefore, the defendants' motion for summary judgment as predicated upon the theory that the plaintiffs cannot maintain in the same complaint the alternative causes of action or claims for relief asserted in the first and second counts, is also denied.
Accordingly, defendants' motion for Summary Judgment (#107) is hereby denied.
JOHN P. MAIOCCO, JR., JUDGE.