REVISED MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT

EAGAN, Judge.
BACKGROUND
The plaintiff brought, the present action to recover damages allegedly incurred as a result of the negligence of the defendant Mohegan Gaming Authority. The plaintiffs complaint alleges that the plaintiff “tripped over carpeting that was bunched up, landing on his left shoulder” See Complaint at paragraph 4. The defendant has filed a Motion for Summary Judgment, dated October 24, 2003, alleging that there is no genuine issue of material fact and that judgment should enter in its favor. The plaintiff has filed a Memorandum in Opposition, dated November 4, 2003.
In support of its Motion for Summary Judgment, the defendant has filed the deposition testimony of the plaintiff, page 2 of the Plaintiffs Interrogatories and Defendant’s Answer. The plaintiffs objection consisted of a Memorandum of Law. The plaintiff has not offered any other supporting documentation in opposition to the Motion for Summary Judgment.
LEGAL STANDARD
 Pursuant to Connecticut Practice Book § 17-49, Summary Judgment can be granted if the pleadings, affidavits and oth *297 er documentary proof, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Connecticut Practice Book § 17-49; Bartha v. Waterbury Home Wrecking Co., Inc. 190 Conn. 8, 11, 459 A.2d 115 (1983), Marceau v. Norwich, 46 Conn.Supp. 197, 200, 746 A.2d 836, (1999). In passing on a Motion for Summary Judgment, the trial court is to determine whether an issue of fact exists, but may not try that issue if it does exist. Dorazio v. M.B. Foster Electric Co., 157 Conn. 226, 228, 253 A.2d 22 (1968).
The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all material facts, which, under applicable principles of substantive law, entitle him to judgment as a matter of law. Suarez v. Dickmont Plastics Corporation, 229 Conn. 99, 105, 639 A.2d 507 (1994) (quotations omitted). A material fact is a fact that will make a difference in the result of the case. Yanow v. Teal Industries, Inc., 178 Conn. 262, 422 A.2d 311 (1979). “In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party.” Appleton v. Board of Education, 254 Conn. 205, 209, 757 A.2d 1059 (2000). Summary judgment “is appropriate only if a fail and reasonable person could conclude only one way.” Miller v. United Technologies Corp., 233 Conn. 732, 751, 660 A.2d 810 (1995).
Once the moving party has presented evidence in support of the Motion for Summary Judgment, the opposing party must present evidence that demonstrates the existence of some material, disputed factual issue. Daily v. New Britain Machine Co., 200 Conn. 562, 568, 512 A.2d 893 (1986). It is not enough for the opposing party merely to assert the existence of a disputed issue. Id., Maffucci v. Royal Park Ltd. Partnership, 243 Conn. 552, 554-55, 707 A.2d 15, (1998). The party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Appleton v. Board of Education, supra, 254 Conn, at 209, 757 A.2d 1059.
The purpose of summary judgment procedure is to allow the court to prevent vexatious and dilatory tactics and to facilitate the expeditious disposition of cases. Ryan v. Dionne, 28 Conn.Supp. 35, 248 A.2d 583 (1968). “Motions for Summary Judgment are designed to eliminate the delay and expense incident to a trial when there is no real issue to be tried.” Dorazio v. M.B. Foster Electric Co., 157 Conn. 226, 228, 253 A.2d 22 (1968). Therefore, the court is free to render judgment in favor of the moving party upon a showing of the absence of issues of material fact.
DISCUSSION
The determination of this issue requires review of the law contained in Ordinance No. 2001-7 establishing the Mohegan Torts Code. Gentile v. Mohegan Tribal Gaming Authority, 1 G.D.R. 76, 77 (2003). As was the case in Gentile, the main liability issue is whether the plaintiff can establish that he was caused to fall because of the condition of the premises.
In the present case the deposition testimony of the plaintiff plus the responses to interrogatories read in the light most favorable to the plaintiff fail to show a negligent act or omission on the part of the defendant. Negligence is defined as “conduct that falls below the standard established by law or custom for the protection of others against unreasonable risk of injury or harm.” MTO Section 2001-7 Section 5(15). Even reading all the pleadings and documentation in the light most favorable *298 to the plaintiff, the court finds no diseerna-ble conduct whieh falls below the standard established by law or custom for the protection of others against unreasonable risk of injury or harm. MTO Section 2001-7 Section 5(15). Nor is there any objective basis to state that the defendant should have discovered the condition.
In his sworn deposition testimony, the plaintiff states that the injury occurred while he was walking into the casino from one of the garages. Plaintiff further states he was walking along when his right shoe caught and he “kind of semi flipped”, landing directly on his left shoulder. Deposition of James A. Wallace of August 21, 2003, page 12, lines 16-25; page 13 lines 1-25; and page 14, lines 1-4.
The plaintiff also stated that he has the assumption that he flipped on a tile which was surrounded by a seamed carpet. Deposition of James A. Wallace of August 21, 2003, page 14 lines 1-25. The record is devoid of any other substantive allegation of a condition in which the defendant caused an unreasonable risk of injury. The plaintiff has not offered any affidavit or other documentation to create a genuine issue of fact.
Based upon the foregoing, the court orders that the defendant Mohegan Tribal Gaming Authority’s Motion for Summary Judgment be granted without prejudice.