*439
DECISION ON MOTION FOR SUMMARY JUDGMENT

MANFREDI, Justice.
BACKGROUND:
This case arises out of a fall on stairs located in the Race Book area of the Mohegan Sun Casino which occurred on February 22, 2005.
In Paragraph 5 of her Complaint, the Plaintiff alleges that she fell “by virtue of the dangerous and defective conditions” existing on the stairway at the time in question. In Paragraph 6, she alleges that the injuries were directly and proximately caused by the carelessness of the Gaming Authority claiming that various allegations of negligence including failure to maintain and inspect the stairway, improper construction, improper maintenance, lack of abrasive substances on the stairway, inadequate illumination, failure to give warnings, failure of adequate hand rails.
Defendant filed a Motion for Summary Judgment on January 29, 2007 and the Plaintiff filed an Objection to the motion on March 12, 2007. A hearing was held by the court on the motion on March 20, 2007.
In her objection to the Motion for Summary Judgment and at the hearing held on March 20, 2007, the Plaintiff essentially argued that her claim is not based upon any transitory defective condition found on the stairs such as a liquid or other foreign substance causing her to slip and fall. Instead, the Plaintiff argued that the stairway was defective in its construction and design.
Plaintiff conceded both in her written objection to the Motion for Summary Judgment and in oral argument that the stairs meet the building code requirements of the Mohegan Tribal Building Code. Plaintiff further conceded that in order to prevail in her claim regarding the defective condition of the stairway based upon design and construction that an expert testimony would be needed. As a result, the court agreed to continue the matter until May 30, 2007 to provide the Plaintiff an opportunity to obtain an expert to address the issues in her Complaint and Objection to the Motion for Summary Judgment.
May 30, 2007 having passed and the Plaintiff not having disclosed an expert in connection with these matters, the Court will decide the Motion for Summary Judgment based upon the documents and mem-oranda previously filed with the Court.
LEGAL STANDARD
“Pursuant to Connecticut Practice Book § 17-49, Summary Judgment can be granted if the pleadings, affidavits and other documentary proof, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.” Connecticut Practice Book § 17-49; Bartha v. Waterbury House Wrecking Co., Inc., 190 Conn. 8, 11, 459 A.2d 115 (1983), Marcean v. Norwich, 46 Conn.Supp. 197, 200, 746 A.2d 836 (1999). In passing on a Motion for Summary Judgment, the trial court is to determine whether an issue of' fact exists, but may not try that issue if it does exist. Dorazio v. M.B. Foster Electric Co., 157 Conn. 226, 228, 253 A.2d 22 (1968).
The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all material facts, which under applicable principles of substantive law, entitle him to judgment as a matter of law. Suarez v. Dickmont Plastics Corporation, 229 Conn. 99, 105, 639 A.2d 507 (1994) (quotations omitted). A material fact is a fact that will make a difference in the result of the case. Yanow v. Teal Industries, Inc., 178 Conn. 262, 422 A.2d *440 311 (1979). “In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party.” Appleton v. Board of Education, 254 Conn. 205, 209, 757 A.2d 1059, (2000). Summary judgment “is appropriate only if a fair and reasonable person could conclude only one way.” Miller v. United Technologies Corp., 233 Conn. 732, 751, 660 A.2d 810 (1995).
Once a moving party has presented evidence in support of the Motion for Summary Judgment, the opposing party must present evidence that demonstrates the existence of some material, disputed factual issue. Daily v. New Britain Machine Co., 200 Conn. 562, 568, 512 A.2d 893 (1986). It is not enough for the opposing party merely to assert the existence of a disputed issue. Id., Maffucci v. Royal Park Ltd. Partnership, 243 Conn. 552, 554-55, 707 A.2d 15, (1998). The party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Appleton v. Board of Education, supra, 254 Conn. at 209, 757 A.2d 1059.
The purpose of summary judgment procedure is to allow the court to prevent vexatious and dilatory tactics and to facilitate the expeditious disposition of cases. Ryan v. Dionne, 28 Conn.Supp. 35, 248 A.2d 583 (1968). “Motions for Summary Judgment are designed to eliminate the delay and expense incident to a trial when there is no real issue to be tried.” Dorazio v. M.B. Foster Electric Co., 157 Conn. 226, 228, 253 A.2d 22 (1968). Therefore, “the court is free to render judgment in favor of the moving-party upon a showing of absence of issues of material fact.” Wallace v. MTGA, GDTC-T-03-120-FAM.
DISCUSSION:
The Connecticut Supreme Court has recently reviewed the principals of premises liabilities in relation to business invitees. They stated:
“Typically, [f]or [a] Plaintiff to recover for a breach of a duty owed to [him] as a business [invitee], it [is] incumbent upon [him] to allege and prove that the Defendant either had actual notice of the presence of the specific unsafe condition which caused [his injury] or constructive notice of it ... [T]he notice, whether actual or constructive, must be notice of the very defect which occasioned the injury and not merely of conditions naturally productive of that defect even though subsequently in fact producing it ... In the absence of allegations and proof of any facts that would give rise to enhance duty ... [A] Defendant is held to the duty of protecting its business invitees from known, foreseeable dangers.” (Citations omitted) (internal quotation marks omitted.) Kelly v. Stop and Shop, Inc., 281 Conn. 768, 918 A.2d 249 (2007); Baptiste v. Better Val-U Supermarket, Inc., 262 Conn. 135, 140, 811 A.2d 687 (2002).
The Court in Kelly further noted that when the Plaintiff claims an affirmative active negligence on the part of the Defendant created the defect then proof of notice is not required because the Defendant has created the defective condition itself.
In reviewing the allegations of the Plaintiffs complaint in this case, the Court notes among the allegations of negligence on the part of the Defendant are that the stair was “improperly constructed” and “improperly maintained.”
As noted previously, the trial court must view the evidence in a light most favorable to the non-moving party in reviewing a Motion for Summary Judg *441 ment. In reviewing the allegations of the complaint in a light most favorable to the Plaintiff, this Court interprets the allegations to allege an affirmative act of negligence by the Defendant; that is, the Defendant’s construction and maintenance of the stairs created a defective condition.
However, that is not the end of the inquiry by the Court. Although it may be said that an affirmative negligence on the part of the Defendant is alleged, there is no allegation beyond that of a specific defect. The complaint nowhere alleges that the stairs were too tall or too short, made of slippery substances, or constructed in some other way as to make them defective and dangerous. In short, there is no allegation of a defect.
It was for this precise reason that the court continued the decision on the motion for summary judgment in order to permit the Plaintiff sufficient time to obtain information, whether by expert testimony or by other means, which could be provided to the Court by affidavit or testimony setting forth a specific defect in the stairs themselves.
This the Plaintiff has not done. The Plaintiff has failed to provide any evidence by way of affidavit or deposition testimony to demonstrate the existence of a genuine issue of material fact. Even though the Plaintiff has alleged an affirmative act on the part of the Defendant it has not alleged nor proved in any fashion the existence of an unsafe condition. Although the Plaintiff cited the American Society for Testing and Material Standards in her objection and referred to potential claims of defect, these were never supported by an evidentiary foundation as required when opposing a Motion for Summary Judgment. In conclusion, under the circumstances, although the Plaintiff has filed a complaint which alleges positive acts of negligence on the part of the Defendant, it has failed to produce any evidence of a specific defect on the Defendant’s premises which create an unsafe or hazardous condition. The Defendant’s Motion for Summary Judgment is therefore granted.