MEMORANDUM OF DECISION ON DEFENDANT, PERINI CORPORATION’S MOTION FOR SUMMARY JUDGMENT
WILSON, J.
Plaintiff brought this action on March 9, 2005 seeking to recover damages for personal injuries sustained at a construction site on June 25, 2004. The action was brought against several Defendants, including, inter alia, architects, engineers, and the construction manager, the moving Defendant, Perini Corporation (herein, the Defendant, or “Perini”).
The action was brought within two years of the date of the injury, as required by Sec. 52-584 of the Connecticut General Statutes, but not within the three year statute of repose set forth therein. It was, however, brought within the seven year statute of repose concerning actions against professional engineers Conn. Gen. Stat. Sec 52-584a. The Defendant interposed the special defense of the statute of limitations and statute of repose in Sec. 52-584 and has moved for summary judgment thereon. The Plaintiffs, in opposition, contends that the Defendant, Perini, was a professional engineer within the purview of Sec. 52-584a and that therefore the action was timely. The Court holds that there is, at the least, a question of fact as to whether the Defendant Perini was a “professional engineer” and that therefore summary judgment is inappropriate. Motion denied.

Facts

Plaintiff, Joseph Lubrano, sustained serious personal injuries in a fall on a construction site at the “Race Book” section of the Mohegan Sun Casino, located on the *137 reservation of the Mohegan Tribe of Indians of Connecticut. The fall and the injuries occurred on June 25, 2004. The action was brought on March 9, 2005, and is against several Defendants comprising architects, engineers, and the “construction manager,” the moving Defendant, Perini Corporation. The parties have stipulated that the improvements for the casino, concerning which Perini was the construction manager, were substantially completed in September or October 1998.

Applicable law

The issue in the motion is whether the action is barred by the applicable statute of limitations; more precisely, the issue is, which statute is applicable, and the answer to that issue depends on whether Perini is a “professional engineer.” The two statutes are as follows:
“Sec. 52-584. Limitation of action for injury to person or property caused by negligence, misconduct or malpractice. No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, hospital or sanatorium, shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from, the date of the act or omission complained of except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed.”
If this is the applicable statute, this action is time-barred, because although brought within two years of the date of the injury, it was not brought within three years of the “act or omission complained of,” which could not have been later than the date of “substantial completion.”
“Sec. 52-584a. Limitation of action against architect, professional engineer or land surveyor, (a) No action or arbitration, whether in contract, in tort, or otherwise, (1) to recover damages (A) for any deficiency in the design,, planning, contract administration, supervision, observation of construction or construction of, or land surveying in connection with, an improvement to real property; (B) for injury to property, real or personal, arising out of any such deficiency; (C) for injury to the person or far wrongful death arising out of any such deficiency, or (2) for the contribution or indemnity which is brought as a result of any such claim for damages shall be brought against any architect, professional engineer or land survey ar/perfonning or furnishing the design, planning, supervision, observation of construction or construction of, or land surveying in connection with, such improvement more than seven years after substantial completion of such improvement.”
If this is the applicable statute, the action is not barred. The parties have so stipulated. The issue is whether it is brought against a “professional engineer,” the Plaintiff contends that the Defendant, Perini is a “professional engineer” and Perini contends that it is not.
“Professional engineer” is elsewhere defined:
“Sec. 20-299. Definitions. As used in this chapter, unless the context otherwise requires:
(1) “Professional engineer” means a person who is qualified by reason of his knowledge of mathematics, the *138 physical sciences and the principles of engineering, acquired by professional education and practical experience, to engage in engineering practice, including rendering or offering to render to clients any professional service such as consultation, investigation, evaluation, planning, design or responsible supervision of construction, in connection with any public or privately-owned structures, buildings, machines, equipment, processes, works or projects in which the public welfare or the safeguarding of life, public health or property is concerned or involved;”
Sec. 20-299 is in Chapter 391 of the Connecticut General Statutes, while Section 52-584a is in Chapter 926; hence the statutory definition is not strictly applicable to Sec. 52-584a. Nevertheless, the Court will consider it as an aid to construction of the latter statute.

Standard For Summary judgment

The Rules of Civil Procedure of this Court provide that a summary judgment may be rendered “if the pleadings and any other proof show that there is no genuine issue as to material fact and that the moving party is entitled to judgment as a matter of law. Sec. 49.
This court has often looked to Connecticut law which contains a similar provision. In Wallace v. Mohegan Tribal Gaming Authority, 2 G.D.R. 51, 5 Am. Tribal Law 295 (2004), Judge Eagan stated:
“Pursuant to Connecticut Practice Book § 17-49, Summary Judgment can be granted if the pleadings, affidavits and other documentary proof, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Connecticut Practice Book § 17-49; Bartha v. Waterbury House Wrecking Co., Inc.[,] 190 Conn. 8, 11 [459 A.2d 115] (1983), Marcean v. Norwich,, 46 Conn.Supp. 197, 200, [746 A.2d 836] (1999). In passing on a Motion for Summary Judgment, the trial court is to determine whether an issue of fact exists, but may not try that issue if it does exist. Dorazio v. M.D. [M.B.] Foster Electric Co., 157 Conn. 226, 228 [253 A.2d 22] (1968).
The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all material facts, which, under applicable principles of substantive law, entitle him to judgment as a matter of law. Suarez v. Dickmont Plastics Corporation, 229 Conn. 99, 105 [639 A.2d 507] (1994) (quotations omitted). A material fact is a fact that will make a difference in the result of the case. Yanow v. Teal Industries, Inc., 178 Conn. 262 [422 A.2d 311] (1979). “In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party.” Appleton v. Board of Education, 254 Conn. 205, 209, [757 A.2d 1059] (2000). Summary judgment “is appropriate only if a fair and reasonable person could conclude only one way.” Miller v. United Technologies Corp., 233 Conn. 732, 751 [660 A.2d 810] (1995).
Once the moving party has presented evidence in support of the Motion for Summary Judgment, the, opposing party must present evidence that demonstrates the existence of some material, disputed factual issue. Daily v. New Britain Machine Co., 200 Conn. 562, 568 [512 A.2d 893] (1986). It is not enough for the opposing party merely to assert the existence of a disputed issue. Id., Maffucci v. Royal Park Ltd. Partnership, 243 Conn. 552, 554-55, [707 A.2d 15] (1998). The party opposing such a motion must provide an evidentiary *139 foundation to demonstrate the existence of a genuine issue of material fact, Appleton v. Board of Education, supra, 254 Conn, at 209 [757 A.2d 1059].”

Contention of the Parties

The Defendant contends that “CGS Sec. 52-584a is not applicable to Perini because Perini did not provide professional engineering services as part of its oversight compliance of the work done on the ‘Race Book’ section of the Mohegan Sun that was substantially completed in September of 1998 (‘Race Book Project’).” The Defendant points to the differing roles of the several Defendants to this action: Perini was denominated the “construction manager”; the Defendant Desimone Consulting Engineers as the structural engineer; and the Defendant Brennan, Beer, Gorman as the architect. Perini contends that it did not provide professional engineering services. The Defendant points to the definition in C.G.S. § 20-299 previously quoted, and relies heavily on the Connecticut case of E.I.S. Inc. v. Connecticut Board of Registration for Professional Engineers and Land, Surveyors, 200 Conn. 145, 509 A.2d 1056 (1986). In that case the issue was whether the Plaintiff had violated a Connecticut statute by engaging in the practice of engineering without proper registration. The Board found, as a matter of fact, that E.I.S. Inc., had so engaged in the practice of engineering, and did not possess the proper registration. On E.I.S. Inc.’s appeal, the Trial Court dismissed the appeal, and the Supreme Court reversed, concluding that E.I.S. Inc., had not engaged in the practice of engineering. The crux of the decision of the Supreme Court was: “we find that there was insufficient evidence before the board to warrant a finding that E.I.S. was engaged in the practice of professional engineering.” 200 Conn, at 148, 509 A.2d 1056.
E.I.S. was not a summary judgment case. The administrative board there found, after a hearing, as a matter of fact, that E.I.S. had engaged in professional engineering. The Supreme Court held, as a factual matter, that there was insufficient factual evidence to support the board’s finding. In a summary judgment case, however, the only issue is whether an issue of fact exists. This Court may not try that issue if it does exist. Wallace v. Mohegan Tribal Gaming Authority, 2 G.D.R. 51, 5 Am. Tribal Law 295 (2004). The E.I.S. case is, therefore, not in point.
The Plaintiff here contends that such an issue of fact does exist. The Plaintiff has submitted numerous items of documentary proof in his objection to Defendant’s motion.
The “Standard Form of Agreement Between Owner and Construction Manager” names Perini as the “Construction Manager.” It, however, provides in Article 13.3.1 that Perini will receive “compensation for additional services of the construction manager: ... project engineer—$1,625.00 per week.”
An affidavit of one Kerry S. Lee, a licensed professional engineer in the State of Connecticut, asserted that Perini had designated Mr. Stephen J. O’Connor as its representative for the work in question, and that he had professional education and practical experience as an engineer. Mr. O’Connor was designated as the “Project Engineer.” Mr. Lee opined that Mr. O’Connor provided professional engineering services as Perini’s representative, on behalf of the owner.
Mr. O’Connor’s deposition confirmed his engineering education and experience, and the services he performed for Perini. Numerous items of correspondence, on Peri-ni’s letterhead, designate O’Connor as “Project Engineer.” Invitations to Bid were prepared by Mr. O’Connor over the *140 title “Project Engineer.” A deposition of Borys Hayda of Desimone Consulting Engineers asserted that Desimone utilized information provided by Mr. O’Connor “to do its final calculations regarding the locations and penetration associated with the two rooftop units” (P. 115).
There does not seem to be any issue whatsoever but that Mr. O’Connor was acting within the scope of his employment with Perini and that therefore his acts are to be attributed to the Defendant Perini Corporation. At the very least, therefore, the cited documents provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact as to whether Perini was acting as a professional engineer. See e.g., Wallace v. Mohegan Tribal Gaming Authority, 2 G.D.R. 51, 5 Am. Tribal Law 295 (2004). Beyond this, the Court need not go. The Defendant Perini Corporation’s Motion for Summary Judgment is denied.