MEMORANDUM OF DECISION ON DEFENDANT’S MOTION FOR SUMMARY JUDGMENT
GUERNSEY, C.J.
On October 17, 2005 the Plaintiff, Patricia Yarasavich, in the company of her adult son Robert, attended a concert at the Mohegan Sun Arena featuring Def. Leppard and Bryan Adams. According to her deposition testimony,[1] she was a fan of Bryan *178 Adams, whose portion of the show was scheduled to commence at 8:00 p.m. Upon finding the appropriate row, she and her son sat in some empty seats close to the aisle so as not to disturb other patrons sitting between these empty seats and the Yarasavich’s assigned seats. When the holders of tickets for these seats arrived, the Plaintiff and her son had to move to their assigned seats, and while so doing, the Plaintiff fell.
To say there is uncertainty as to the cause of the fall would be an understatement. Although the Plaintiff testified that she saw some debris in the aisle, she states that she did not trip[2], and does not think the material on the floor contributed as “that was sort of ahead of me”[3]. As to what did cause her to fall, the Plaintiff noted “[t]here wasn’t very much room to walk, especially with people there, their feet right there.”[4] As regards this Defendant, Plaintiffs Amended Complaint dated April 27, 2007 alleges failure to inspect the seating area and separating rows to ensure they were safe and free from debris, failure to provide adequate training for employees, failure to provide adequate lighting, post proper seating signs, and employ sufficient ushers so patrons could safely find their seats. Claims related to design and construction are advanced only against the Defendant “John Doe, Contractor” and not the MTGA[5].
The Defendant’s Motion for Summary Judgment argues that the Plaintiff can neither identify a defect that caused her to fall nor can she demonstrate that the Defendant had any notice of a defective condition. In support of its motion, the Defendant provided the transcript of the Plaintiffs deposition from which the preceding description of the incident was taken. In response to Defendant’s Motion for Summary Judgment, the Plaintiff filed no opposing affidavit or other documentary evidence and cited no portion of the transcript of her deposition testimony. Her argument in opposition is grounded in the generally correct position that “issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner”, Aetna Ins. Co. v. Cooper Wells & Co., 234 F.2d 342, 344 (6th Cir.1956), a position that has been adopted by this Court. Murphy v. Mohegan Tribal Gaming Authority, 3 G.D.R. 84, 91, 7 Am. Tribal Law 426 (2007).

STANDARD OF REVIEW

The standard of review for a motion for summary judgment is well settled:
In passing on a Motion for Summary Judgment, the trial court is to determine whether an issue of fact exists, but may not try that issue if it does exist.
Wallace v. Mohegan Tribal Gaming Authority, 2 G.D.R. 51, 5 Am. Tribal Law 295 (2004). See Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988) (“In ruling on a motion for summary judgment, the court’s function is not to decide issues of material fact, but rather to determine whether any such issues exist.”). Motions for summary judgment are governed by MRCP § 49(g) (and its almost identical State counterpart, Conn. Prac. Bk. § 17-49):
(g). Judgment. Judgment shall be rendered forthwith if the pleadings and any other proof show that there is no genuine issue as to any material fact and *179 that the moving party is entitled to judgment as a matter of law,
“Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue [citations omitted]. It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. ‘Mere assertions of fact ... are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book § 380.’ ” Daily v. New Britain Machine Company, 200 Conn. 562, 568-69, 512 A.2d 893 (1986).
As described by the Connecticut Appellate Court:
“A material fact is a fact that will make a difference in the result of the ease .. . The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law .., and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material feet.”
Fernandez v. Standard Fire Ins. Co., 44 Conn.App. 220, 222, 688 A.2d 349 (1997). In a personal injury action, “[t]o be enti-tied to damages, the plaintiff must establish a causal connection between his inju-ríes and physical condition which he claims resulted from the accident and this causal connection must rest upon more than surmise.” Vetre v. Keene, 181 Conn. 136, 140-41, 434 A.2d 327 (1980).

DISCUSSION

Despite the reluctance of courts, including the Gaming Disputes Court, to decide issues of negligence on motions for summary judgment, where an essential element of Plaintiffs case is unknown or left to conjecture or surmise, summary judgment may be appropriate. “[A] causal relation between the defendant’s wrongful conduct and the plaintiffs injuries is a fundamental element without which a plaintiff has no case.” Teitelman v. Bloomstein, 155 Conn. 653, 657, 236 A.2d 900 (1967). On this issue the Connecticut Appellate Court has required that to establish causation, the plaintiff must do so “without resort to conjecture”, Alexander v. Town of Vernon, 101 Conn.App. 477, 488, 923 A.2d 748 (2007). In affirming the trial court’s granting of a motion for summary judgment on that ground, the Appellate Court observed:
These are the kind of situations that trigger the application of the basic principle of tort law that “[n]o matter how negligent a party may be, if his act bears no causal relation to the injury, it is not actionable.”
Id. at 490, 923 A.2d 748, quoting Esposito v. Schiff, 38 Conn.App, 726, 662 A.2d 1337 (1995). The Appellate Court further observed that, in the case before it, to establish causation “the jury wmuld be forced to resort to speculation. Yet, a determination of causation on the basis of conjecture or speculation is precisely what we cannot permit.” Id. at 491, 923 A,2d 748.
“The establishment of proximate cause is an essential element of a negligence claim and the parties recognize that if proximate cause is lacking, the plaintiff cannot prevail.” Wu v. Town of Fairfield 204 Conn. 435, 439, 528 A.2d 364 (1987). “This causal connection must be based upon more than conjecture and surmise.” Id. at 439, 528 A.2d 364. See also, Paige v. St. Andrew’s Roman Catholic Church Corp., 250 Conn. 14, 26, 734 A.2d 85 (1999) (“The causal connection must be based upon more than conjecture and surmise”); *180 Weigold v. Patel, 81 Conn.App. 347, 355, 840 A.2d 19 (2004).
Where, as in this case, both the cause in fact and proximate causation are unknown, summary judgment has been held to be appropriate:
Finally, neither the plaintiff nor his expert can establish either cause in fact or proximate cause. At best, the plaintiff may establish a code violation but he cannot recover without establishing that code violation caused the injuries of which he complained. The cause in fact is unknown (The plaintiff doesn’t recall the fall and no eyewitness exists.); nor can he establish proximate causation because there is no evidence the railing giving way was a substantial factor in bringing about the incident. Nothing is known which would remove proximate causation from jury speculation.
While the issue of proximate causation is ordinarily a question of fact for the jury, it becomes a conclusion of law only when the mind of a fair and reasonable person could reach only one conclusion. See Debreuil [Dubreuil] v. Witt, 80 Conn.App. 410, 429 [835 A.2d 477] (2003).
Harbour Landing’s and Nadler’s motions for summary judgment are granted. No genuine issue of material fact exists with regard to the absence of any evidence (that did not require speeulation) to establish that the claimed defect caused the plaintiffs injuries.
De Oliveira v. PMG Land Assoc., LP, 2006 WL 329073 (Conn.Super., 2006, Sheedy, J.).[6]
In the instant case, although the Plaintiff has alleged a number of possible defects as well as the failure to have a sufficient number of properly trained ushers, it is not necessary to inquire as to whether the Defendant had constructive notice of these conditions or whether the allegations regarding staffing actually involve negligence on the part of the Defendant, in light of the total absence of evidence regarding causation between any of the conditions complained of and the Plaintiffs fall. The Court would be “forced to resort to speculation” in finding that a genuine issue of material fact exists, to a degree that goes far beyond the leeway generally allowed in negligence cases. Accordingly, the Defendant Mohegan Tribal Gaming Authority’s Motion for Summary Judgment is granted.
As for the Defendant “John Doe, Contractor,” the record reflects that this party has never been identified, much less served with process. The jurisdiction of the Court is limited to those expressly named in the action before it, and the Court has no jurisdiction over persons not made a party to the action before it. Younger v. City of East Haven, 2008 WL 4016615[7] (Conn.Super., Beilis, J.). In An- *181 giolillo v. Buckmiller, the Connecticut Appellate Court approved the trial court’s dismissal, ¡ma sponte, of the action against an unserved John Doe defendant. Angiolillo v. Buckmiller, 102 Conn.App. 697, 712-14, 927 A.2d 312 (2007). Accordingly, the action against the Defendant John Doe, Contractor, is dismissed.

. The transcript of her deposition is attached to Defendant's Motion for Summary Judgment as Exhibit A (hereinafter referred to as “Transcript”).

. Transcript at 31.

. Transcript at 34.

. Transcript at 30.

.The “John Doe” defendant was never identified or served in connection with this action.

. See also the opinion of Judge (now Justice) Vertefeuille in Delorenzo v. The North American Bank and Trust Company:
While summary judgment is generally ill-suited to negligence cases because of the mixed questions of law and fact; [citations omitted] it is clear here based on the plaintiff's admissions that he cannot establish at trial that the defendant was negligent because he does not know what object he tripped over on the roof. Accordingly, the defendant’s motion for summary judgment is granted.
Delorenzo v. The North American Bank and Trust Company, 1997 WL 280224 (Conn.Super.1997)

. "The jurisdiction of the trial court is limited to those parties expressly named in the action coming before it ... Until one is given notice of the actions or proceedings against him and is thereby given opportunity to appear and be heard, the court has no jurisdiction to proceed to judgment either for or against him even though it may have jurisdiction of the subject matter. One who is not served with *181 process does not have the status of a party to the proceeding ... A court has no jurisdiction over persons who have not been made parties to the action before it ... [Sjervice of process on a party in accordance with the statutory requirements is a prerequisite to a court’s exercise of in personam jurisdiction over that party ... [N]o principle is more universal than that the judgment of a court without jurisdiction is a nullity .. . Such a judgment, whenever and wherever declared upon as a source of right, may always be challenged .. . If a court has never acquired jurisdiction over a defendant or the subject matter .,. any judgment ultimately entered is void and subject to vacation or collateral attack. A challenge to the jurisdiction of the court presents a question of law ... [T]he Superior Court ... may exercise jurisdiction over a person only if that person has been properly served with process, has consented to the jurisdiction of the court or has waived any objection to the court's exercise of personal jurisdiction." (Citations omitted; internal quotation marks omitted.) Angiolillo v. Buckmiller, 102 Conn.App. 697, 712-14, 927 A.2d 312 (2007).